**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SUTHERLAND,<br><br>        Plaintiff,<br><br>  v.<br><br>JAMES A. YATES, et al.,<br><br>        Defendants. | CASE NO. 1:09-cv-02152-LJO-GSA PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**Screening Order**

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Plaintiff's Claims**

    **A.    Summary of Complaint**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Pleasant Valley State Prison (PVSP), brings this civil rights action against correctional officials employed by the CDCR at PVSP. Plaintiff claims that he was subjected to excessive force in violation of state law and the Eighth Amendment's prohibition on cruel and unusual punishment. Plaintiff names the following individual defendants employed at PVSP: Warden James Yates; Correctional Officer (C/O) A. Fernando; C/O M. Jericoff.

Plaintiff alleges that on May 26, 2009, while waiting in the pill line, his back was hurting and he went to a near by table to sit down. (Comp. ¶ 3.) It was a hot day, and Plaintiff was a "heat med" inmate. C/O Fernando ordered Plaintiff to get back in line. Plaintiff explained to C/O Fernando that his back was in pain and that he was a heat-med inmate. Id. C/O Fernando again told Plaintiff to get back in line. Plaintiff "tried to plead my case with him." Id. C/O Fernando ordered Plaintiff to stand up and place his hands behind his back. Plaintiff "immediately followed A. Fernando's instruction." Id.

C/O Fernando placed the handcuffs on Plaintiff. Plaintiff then alleges that as soon as the handcuffs were on, C/O Fernando "became extremely aggressive," shoving Plaintiff's left arm up. C/O Fernando pushed Plaintiff's arms "up so high I feared they would break." (Compl. P. 3-A.)

C/O Fernando summoned C/O Jericoff.  Plaintiff asked to see an Internal Affairs Officer.  In response, C/O Fernando and C/O Jericoff "became extremely violent," pushing Plaintiff's arms up. Id.  Plaintiff alleges that

> I once again asked for Internal Affairs, they, Officers A. Fernando and M. Jericoff, got me to the Program Office where they slammed my face into the wall, on the way to the Program Office I was eather [sic] lifted or almost lifted off the ground by having my arms shoved up, it happened so fast that I am not sure if I actually came off the ground or not, once I was slammed into the wall they swept my legs out from under me causing me to hit the concrete chin first, that whole time I kept crying out that I wasn't resisting and that I wanted Internal Affairs.  While on the ground Officer A. Fernando twisted my left leg until I cried out, I was terrified, I though they were going to seriously hurt me, I kept crying out that I wasn't resistion [sic], at one point my left leg was being twisted by A. Fernando while I was being pulled up by my wrists and stomped by eather [sic] a foot or a knew to my right kidney by Officer M. Jericoff who said in a very threatening manner, 'Do you still want to see internal affairs?'  I said, 'No, please, I'm not resisting you, Please!'  Finally I was yanked up and put into a cage with my right handcuff so tight that it had cut into my wrist causing it to bleed.

(Compl. Pp. 3A-3B.)

Plaintiff alleges that he suffered, a bruised kidney, bruised chin, bruised and "scraped up" legs.  Plaintiff also alleges that the "assault" on May 26, 2009, resulted in further injury on July 12, 2009, when "my body went painfully numb while getting off of the top bunk causing me to fall approx. 5 ½ feet to the ground dislocating my left shoulder."  (Compl. p. 3-E.)

### B. Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted).  For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7.  Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident.  Id. at 9-10; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Plaintiff's allegations describing the incident of physical force on May 26, 2009, are

3

sufficient to give rise to a claim for relief against Defendants Fernando and Jericoff for use of excessive physical force.

### C. Supervisory Liability

Plaintiff also names as a defendant Warden James Yates. Under section 1983, Plaintiff must prove that the Defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff does not allege any facts suggesting that Warden Yates "participated in or directed the violations, or knew of the violations and failed to act to prevent them." He should therefore be dismissed.

### D. Doe Defendants

Plaintiff names as defendants John and Jane Does 1-10, but fails to charge any of these defendants with conduct. "As a general rule, the use of 'John Doe' to identify a defendant is not favored. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). While Plaintiff's use of the "Doe" moniker to sue unidentified prison officials is permissible, Plaintiff's ambiguous use of the fictitious name is improper. Regardless of whether the identity of a particular prison official is known or not, Plaintiff is still obligated to allege facts that demonstrate a causal link between that unidentified official's actions and an alleged constitutional violation. Thus, Plaintiff must make individualized allegations about each "Doe" defendant. Plaintiff may not refer to a single ambiguous set of multiple "Doe" defendants. Plaintiff appears to use fictitious names to refer to a hypothetical set of individuals who may or may not be liable for actions they may or may not have done that may or may not have resulted in the violation of Plaintiff's constitutional rights. In order to sue a defendant using a fictitious name, Plaintiff is advised that he is still obligated to allege facts against each

<u>individual</u> unidentified defendant that demonstrates exactly what that individual did and what that individual's subjective state of mind was. This can be done by referring to each individual unidentified defendant by a separate fictitious name, such as "John Doe #1," "John Doe #2," and so on. Plaintiff may not sue Doe defendants collectively based on speculative beliefs as to whether they exist, or hypothetical allegations of what they may have done that violated Plaintiff's constitutional rights.

### III.   Conclusion and Order

Plaintiff's complaint states claims under the Eighth Amendment and state law against Defendants Fernando and Jericoff for use of excessive physical force. However, the complaint does not state any other cognizable claims. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward to Plaintiff two summonses and two USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, <u>Hydrick</u>, 500 F.3d at 987-88. With respect to defendants like Warden Clark, "there is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" <u>Id.</u> at 988 (quoting <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989)). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Fernando and Jericoff for use of excessive physical force.

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **November 12, 2010**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE