**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM SUTHERLAND,<br><br>           Plaintiff,<br><br>    vs.<br><br>JAMES A. YATES, et al.,<br><br>           Defendants.<br>_____/ | 1:09-cv-02152-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS PROHIBITING SPOLIATION OF EVIDENCE<br>(Docs. 10, 13. Petitions for Writ of Mandate) |

**I.  BACKGROUND**

Plaintiff William Sutherland ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 11, 2009. (Doc. 1.) On November 12, 2010, the Court issued an order requiring Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the claims found cognizable by the Court. (Doc. 14.) On December 6, 2010, Plaintiff filed an Amended Complaint. (Doc. 15.)

On February 17, 2010 and September 15, 2010, Plaintiff filed motions which he entitled "Petition for Writ of Mandate," seeking a court order requiring defendants to preserve evidence in this action, including a recording of the May 26, 2009 assault upon Plaintiff by a correctional officer and the bloody shirt that Plaintiff was wearing when he was assaulted. (Docs. 10, 13.)

///

1  **II.     MOTION TO PROHIBIT SPOLIATION OF EVIDENCE**

2       Plaintiff requests relief via a court order requiring the defendants to preserve evidence, or to refrain from spoliation of evidence. "Spoliation of evidence is the 'destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation.'" Kearney v. Foldy & Lardner, LLP, 590 F.3d 638, 649 (9th Cir. 2009) (quoting Hernandez v. Garcetti, 68 Cal.App.4th 675, 680, 80 Cal.Rptr.2d 443 (1998)).

       "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).   None of the defendants have yet appeared in this action. Therefore, at this stage of the proceedings, the court does not yet have before it an actual case or controversy, nor does the court have jurisdiction over any of the defendants in this action. As a result, the Court has no jurisdiction at this time to require defendants to act or refrain from acting. A federal court may not attempt to determine the rights of persons not before the court. Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985). Until defendants have appeared in this action, a motion requiring defendants to preserve evidence is premature, and Plaintiff's motions must be denied.

**III.    CONCLUSION**

       Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motions prohibiting spoliation of evidence, filed on February 17, 2010 and September 15, 2010, are DENIED as premature.

       IT IS SO ORDERED.

       Dated:   **February 25, 2011**             **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE