# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SUTHERLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>A. FERNANDO, et al.,<br><br>    Defendants.<br>_____/ | 1:09-cv-02152-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS FERNANDO AND JERICOFF FOR USE OF EXCESSIVE FORCE, AND AGAINST DEFENDANT YATES FOR FAILURE TO PROTECT PLAINTIFF, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 15.)<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.  RELEVANT PROCEDURAL HISTORY**

William Sutherland ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 11, 2009. (Doc. 1.) The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and entered an order on November 12, 2010, requiring Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed on the claims found cognizable by the Court. (Doc. 14.) On December 6, 2010, Plaintiff filed the First Amended Complaint, which is now before the Court for screening. (Doc. 15.)

1

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is currently a state prisoner at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events at issue in the First Amended Complaint allegedly occurred. Plaintiff names as defendants Correctional Officer ("C/O") A Fernando, C/O M. Jericoff, James Yates (Warden, PVSP), and Lieutenant R. Lantz.

Plaintiff alleges as follows. On May 26, 2009, Plaintiff stood in the afternoon pill call line for about fifteen minutes, when defendant C/O A. Fernando split the line, causing Plaintiff to be placed near the end of the line. It was a hot day and Plaintiff was not feeling well, due to chronic

back pain and heat sensitivity, so Plaintiff sat down at a nearby table to await his turn. C/O Fernando approached Plaintiff, and Plaintiff told C/O Fernando he (Plaintiff) was not feeling well. C/O Fernando instructed Plaintiff to get back in the line. Plaintiff then tried to explain about his back pain and heat sensitivity, but C/O Fernando again told Plaintiff to get back in the line. Plaintiff again tried to explain, and C/O Fernando told Plaintiff to stand with his hands behind his back. Plaintiff complied, and C/O Fernando placed handcuffs on Plaintiff and became extremely aggressive, shoving Plaintiff's arms up and pulling Plaintiff's water bottle out of his pocket and smashing it on the ground. C/O Fernando yelled to approaching defendant C/O M. Jericoff, "We have a piece of shit here," and Plaintiff responded, "You are not allowed to talk about inmates like that." C/O Fernando told Plaintiff to shut up and pushed Plaintiff's arms up so high that Plaintiff feared they would break. Plaintiff told C/O Fernando that he (Plaintiff) had a bad shoulder, but C/O Fernando continued to lift Plaintiff's arms, and Plaintiff was forced to lock his arms to prevent his shoulder from being dislocated. Plaintiff cooperated with both of the officers and did not resist.

Plaintiff asked to speak to Internal Affairs, but C/O Fernando and C/O Jericoff became extremely violent and continued pushing Plaintiff's arms up. On the way to the Program Office, the officers continued to shove Plaintiff's arms up. At the Program Office, the officers slammed Plaintiff's face into the wall and swept Plaintiff's legs out from under him, causing him to hit the concrete chin-first. Plaintiff kept crying out that he wasn't resisting and that he wanted to see Internal Affairs. While Plaintiff was on the ground, C/O Fernando twisted Plaintiff's left leg until Plaintiff cried out in pain. Plaintiff was pulled up by his wrists, and C/O Jericoff stomped on Plaintiff's right kidney and said in a threatening manner, "Do you still want to see Internal Affairs?" Plaintiff responded, "No, please, I am not resisting you, please!" Finally, Plaintiff was yanked up and placed into a cage with his right handcuff so tight that it cut into his wrist, causing it to bleed. All of the officers in the Program Office refused to loosen the handcuffs for a long time. When a medical employee came to make a report, an officer told Plaintiff he should just say he had a bad day. Plaintiff was sent to his cell and confined for three days.

Plaintiff was found guilty of a 115 rules violation, even though the video of the incident clearly showed the officers' reports to be false. The officer who oversaw the hearing, Lt. R. Lantz,

viewed the video and ignored what it showed and refused to allow Plaintiff to call all of his witnesses. Lt. Lantz allowed Plaintiff to submit only three questions, yet wrote that "subject nor SHO had no further questions for witness. Witness was excused."

Warden James Yates knew that C/O Jericoff was a violent predator who was being investigated by Internal Affairs for a long pattern of abuses involving excessive use of force, and Warden Yates failed to prevent C/O Jericoff from having contact with inmates, resulting in Plaintiff's injury. The Warden also failed to properly train and supervise C/O Jericoff.

Plaintiff requests money damages and court and filing costs.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A. Conspiracy

Plaintiff alleges that officers and the Warden at PVSP were in collusion to violate his rights. In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001)

(quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

In this instance, Plaintiff has not alleged any facts supporting the allegation that any of the defendants entered into an agreement or had a meeting of the minds to violate Plaintiff's constitutional rights. Therefore, Plaintiff fails to state a claim for conspiracy.

### B. Eighth Amendment – Excessive Force

Plaintiff alleges he was subjected to excessive force. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of

5

force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff states cognizable claims against defendants C/O A. Fernando and C/O M. Jericoff for use of excessive force against him in violation of the Eighth Amendment.

### C. Eighth Amendment – Failure to Protect

Plaintiff alleges that Warden James Yates failed to protect Plaintiff from attack by C/O Jericoff. Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970 (1994); Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Farmer, 511 U.S. at 837-45.

Plaintiff alleges that Warden Yates knew that C/O Jericoff was a violent predator who was under investigation by Internal Affairs for a long pattern of abuses involving excessive use of force, and Warden Yates failed to prevent C/O Jericoff from having contact with inmates, resulting in Plaintiff's injury. These allegations are sufficient to state a cognizable claim against Warden Yates for failure to protect Plaintiff in violation of the Eighth Amendment.

### D. Due Process

Plaintiff alleges that defendant Lieutenant R. Lantz violated his rights to due process. The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). "The requirements of procedural due process apply only to the deprivation of interests

6

encompassed by the Fourteenth Amendment's protection of liberty and property." Board of Regents v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. Meachum v. Fano, 427 U.S. 215, 223-27, 96 S.Ct. 2532 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to Sandin v. Conner, 515 U.S. 472, 483, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." Id. at 484 (citations omitted); Neal v. Shimoda, 131 F.3d 818, 827-28 (9th Cir.1997).

Plaintiff alleges that Lt. Lantz, who oversaw Plaintiff's RVR (Rules Violation Report) hearing, ignored evidence, refused to allow Plaintiff to call all of his witnesses, only allowed Plaintiff to submit three questions, did not allow Plaintiff to question the witnesses himself, and made a false report, finding Plaintiff guilty. These allegations are not sufficient to state a due process claim, because Plaintiff fails to establish any property or liberty interest protected by the Constitution. Therefore, Plaintiff fails to state a cognizable claim for violation of his rights to due process.

### E.   State Law Claims

#### *Tort Claims*

Plaintiff brings claims against defendants for negligence and failure to train and supervise employees. Plaintiff is informed that violation of state tort law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," with specific exceptions. "Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is a

'common nucleus of operative fact between the state and federal claims.' " Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) (quoting Gilder v. PGA Tour, Inc., 936 F.2d 417, 421 (9th Cir.1991)). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

In this instance, the Court has found cognizable § 1983 claims in the First Amended Complaint against defendants Fernando, Jericoff, and Yates. Therefore, at this juncture, the Court shall exercise supplemental jurisdiction over Plaintiff's state tort law claims that form part of the same case or controversy as Plaintiff's cognizable federal claims.[1]

### *Criminal Action*

Plaintiff also attempts to bring claims pursuant to the California Penal Code. This suggests that Plaintiff seeks to bring a criminal action. However, there is no provision allowing an individual to bring a cause of action under the penal code. "A criminal action is prosecuted in the name of the people of the State of California, as a party, against the person charged with the offense." Cal.Penal Code § 684. Therefore, Plaintiff is unable to bring an action for violation of the Penal Code against any of the defendants.

## V. CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the Court finds that Plaintiff states cognizable claims in the First Amended Complaint for violation of the Eighth Amendment, against defendants C/O A. Fernando and C/O M. Jericoff for use of excessive force, and against defendant Warden James Yates for failure to protect Plaintiff. However, the Court finds that Plaintiff fails to state any other claims upon which relief may be granted under § 1983.

The Court previously granted Plaintiff an opportunity to amend the complaint, with guidance by the Court. Plaintiff has now filed two complaints. Based on this record and the facts set forth

---

[1] At this stage of the proceedings, the Court makes no determination about the viability of Plaintiff's state tort claims.

in the First Amended Complaint, the Court finds that further leave to amend is not warranted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This action proceed with the First Amended Complaint filed on December 6, 2010, on Plaintiff's Eighth Amendment claims found cognizable by the Court against defendants C/O A. Fernando and C/O M. Jericoff for use of excessive force, and against defendant Warden James Yates for failure to protect Plaintiff; and on Plaintiff's related state tort claims;

2. All remaining claims and defendants be dismissed based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983;

3. Plaintiff's claims for conspiracy, due process violations, and violations of the Penal Code be dismissed from this action based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983;

4. Defendant Lieutenant R. Lantz be dismissed from this action based on Plaintiff's failure to state any claims upon which relief may be granted against him under § 1983; and

5. This action be referred back to the Magistrate Judge for further proceedings, including initiation of service.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 28, 2011**          /s/ **Gary S. Austin**

9

UNITED STATES MAGISTRATE JUDGE