IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SUTHERLAND, | 1:09-cv-02152-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO SECURE VITAL EVIDENCE |
| vs. | (Doc. 18. Petition for Writ of Mandate) |
| JAMES A. YATES, et al., | |
| Defendants. | |

**I.    BACKGROUND**

William Sutherland ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 11, 2009. (Doc. 1.) On November 12, 2010, the Court issued an order requiring Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the claims found cognizable by the Court. (Doc. 14.) On December 6, 2010, Plaintiff filed an Amended Complaint. (Doc. 15.) The Court screened the Amended Complaint pursuant to 28 U.S.C. § 1915 and found cognizable claims. On April 28, 2011, the undersigned issued findings and recommendations, recommending that this action proceed against defendants Fernando and Jericoff for use of excessive force, and against defendant Yates for failure to protect Plaintiff. (Doc. 17.) The time for objections is pending.

On May 26, 2011, Plaintiff filed a motion which he entitled "Emergency Petition for Writ of Mandate/Prohibition to Secure Vital Evidence," seeking a court order requiring defendants to release

evidence into Plaintiff's custody, including a recording of the May 26, 2009 assault upon Plaintiff by a correctional officer and the bloody shirt that Plaintiff was wearing when he was assaulted. (Doc. 18.)

## II.     MOTION TO PRESERVE EVIDENCE

Plaintiff requests a court order requiring defendants to release evidence into his custody, to prevent spoliation of evidence. "Spoliation of evidence is the 'destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation.'" Kearney v. Foldy & Lardner, LLP, 590 F.3d 638, 649 (9th Cir. 2009) (quoting Hernandez v. Garcetti, 68 Cal.App.4th 675, 680, 80 Cal.Rptr.2d 443 (1998)).

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  Plaintiff may presume that an actual case of controversy exists at this stage of the proceedings because the Court has found cognizable claims in his Amended Complaint.  However, because none of the defendants have been served with the Amended Complaint or appeared in this action, the Court does not have before it an actual case or controversy, nor does the Court have jurisdiction over any of the defendants in this action.  As a result, the Court has no jurisdiction at this time to require defendants to act or refrain from acting.  A federal court may not attempt to determine the rights of persons not before the court. Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).  Until defendants have appeared in this action, a motion requiring defendants to provide Plaintiff with evidence is premature, and Plaintiff's motion must be denied.

Moreover, Plaintiff has not provided sufficient evidence demonstrating that defendants will destroy evidence or that the videotape and shirt are in danger of being destroyed.  The destruction of evidence is sanctionable conduct, and "[l]itigants owe an uncompromising duty to preserve what they know or reasonably should know will be relevant evidence in a pending lawsuit, or one in the offing . . . ." JUDGE WILLIAM W. SCHWARZER ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 11:125 (2004) (internal quotations and citations omitted).  Given the duty to preserve evidence, the Court declines to presume that defendants will destroy evidence.

After the Amended Complaint has been served and an Answer has been filed by one or more of the defendants, the Court will issue an order commencing discovery. "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). When discovery has been opened, Plaintiff may then seek to discover evidence, or the whereabouts of evidence, by serving discovery requests upon defendants.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for a court order requiring defendants to release evidence into Plaintiff's custody, filed on May 26, 2011, is DENIED.

IT IS SO ORDERED.

**Dated:   May 31, 2011**               /s/ **Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE