# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SUTHERLAND, | 1:09-cv-02152-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING REQUEST FOR SUBPOENAS, WITHOUT PREJUDICE |
| v. | (Doc. 31.) |
| JAMES A. YATES, et al., | ORDER FOR CLERK TO SEND PLAINTIFF COPY OF COURT'S PRIOR ORDER |
| Defendants. | (Doc. 30.) |

William Sutherland ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on December 11, 2009.  (Doc. 1.)  This case now proceeds on Plaintiff's First Amended Complaint, filed on December 6, 2010, against defendants Correctional Officer ("C/O") A. Fernando, C/O M. Jericoff, and Warden James Yates, for failure to protect Plaintiff, and on Plaintiff's related state tort claims.[1]  (Doc. 15.)

This case is currently in the discovery phase.  On February 13, 2012, Plaintiff filed a request seeking the issuance of four subpoenas commanding non-parties Legal Department of Pleasant Valley State Prison and Secretary of State, to provide the following documents and information:

///

---

[1] On June 16, 2011, the Court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim under § 1983.  (Doc. 20.)

1

|   |   |   |
|---|---|---|
| 1 | -- | Records of the investigation into Plaintiff's form 602 staff complaint against |
| 2 |   | defendants Jericoff, Fernando, and Yates; |
| 3 | -- | All personal records of defendants Jericoff, Fernando, and Yates; |
| 4 | -- | Copy of the incident video recorded by C/O W. Morris at 11:45 on May 26, 2009; |
| 5 | -- | Copy of the assignment of C/O L. Torres at 11:45 on May 26, 2009; |
| 6 | -- | Name of the Internal Affairs Officer that conducted the investigation into the |
| 7 |   | incident; |
| 8 | -- | Present location of material inmate and correctional officer witnesses; and |
| 9 | -- | Oaths or affirmations of involved correctional officers, Internal Affairs officers, |
| 10 |   | attorneys, and witnesses. |


-- Records of the investigation into Plaintiff's form 602 staff complaint against defendants Jericoff, Fernando, and Yates;

-- All personal records of defendants Jericoff, Fernando, and Yates;

-- Copy of the incident video recorded by C/O W. Morris at 11:45 on May 26, 2009;

-- Copy of the assignment of C/O L. Torres at 11:45 on May 26, 2009;

-- Name of the Internal Affairs Officer that conducted the investigation into the incident;

-- Present location of material inmate and correctional officer witnesses; and

-- Oaths or affirmations of involved correctional officers, Internal Affairs officers, attorneys, and witnesses.

Plaintiff asserts that he filed a prior request for subpoenas with the Court in September 2011 but did not receive any response. The Court entered an order on September 29, 2011 addressing Plaintiff's prior request and served a copy of the order on Plaintiff at his address of record. (Doc. 30.) The Clerk shall be directed to send Plaintiff another copy of the order for his review.

For the reasons set forth below, Plaintiff's present request is denied, without prejudice.

Subject to certain requirements set forth herein, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents from non-parties, and to service of the subpoena by the United States Marshal. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendants through a request for production of documents. Fed. R. Civ. P. 34. With respect to the names or locations of persons sought by Plaintiff, it appears to the Court that this information is available to him through interrogatories propounded upon Defendants. Fed. R. Civ. P. 33. Also, some of the documents sought by Plaintiff may be kept in Plaintiff's central file at the prison, to which he is entitled to access. If Plaintiff wishes to make another request for the issuance of a records subpoena, he may file another motion requesting the issuance of a subpoena duces tecum that (1) identifies with specificity the documents sought and from whom, and (2) makes a showing in the motion that the records are only obtainable through that third party.

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the issuance of subpoenas, filed on February 15, 2012 is DENIED, without prejudice; and

2. The Clerk is directed to SEND to Plaintiff a copy of the Court's order entered on September 29, 2011.

IT IS SO ORDERED.

Dated:  **February 16, 2012**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

3