IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SUTHERLAND, | 1:09-cv-02152-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY DEFENSE COUNSEL |
| vs. | (Doc. 38.) |
| JAMES YATES, et al., | |
| Defendants. | |

**I.   BACKGROUND**

William Sutherland ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 11, 2009. (Doc. 1.) This case now proceeds on the First Amended Complaint, filed on December 6, 2010, against defendants Correctional Officer ("C/O") A. Fernando, C/O M. Jericoff, and Warden James A. Yates ("Defendants") for failure to protect Plaintiff in violation of the Eighth Amendment, and on Plaintiff's related state tort claims. (Doc. 15.)

On April 16, 2012, Plaintiff filed a motion to disqualify defense counsel from representing Defendants in this action. (Doc. 38.) On April 27, 2012, Defendants filed an opposition to the motion. (Doc. 40.) Plaintiff did not file a reply. Plaintiff's motion is now before the Court.

1

## II.     PLAINTIFF'S MOTION TO DISQUALIFY

Plaintiff requests a court order disqualifying members of the California Office of the Attorney General ("AG") from representing defendants Jericoff and Fernando, on the grounds that defendants Jericoff and Fernando are not state employees.  Plaintiff argues that defendants Jericoff and Fernando do not legally hold positions as state correctional officers because they failed to file their oaths of office with the Secretary of State, and therefore they are not entitled to representation by the AG.

Defendants argue that Plaintiff's motion is frivolous because not only does Plaintiff lack standing to challenge the AG's representation of defendants Jericoff and Fernando, but Defendants have provided Plaintiff with copies of the oaths they took when they began their employment with the California Department of Corrections and Rehabilitation.  Defendants argue that Plaintiff has cited no authority that Defendants are required to take an oath before the AG may represent them, or that the AG may not represent them when no oath has been executed.

Before a party, such as Plaintiff, can seek relief from a federal court, the party must satisfy the requirements for Article III standing, which requires that the party has personally suffered an "injury in fact" causally related to the conduct in issue and redressable by a favorable decision of the court.  Lujan v. Defenders of Wildlife, 504 U.S. 555,560-61, 112 S.Ct. 2130, 2136-37 (1992).  The burden is on the party seeking relief to establish these "irreducible constitutional minimum" elements with respect to the particular issues the party wishes to have decided.  Id.  "Standing doctrine [also] embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights . . ." Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324 (1984); see also Bennett v. Spear, 520 U.S. 154, 117 S.Ct. 1154, 1161 (1997) (discussing the prudential rule that a plaintiff's grievance must arguably fall within the "zone of interests" protected or regulated by the applicable law).

1  Plaintiff, has not established a personal stake in the resolution of the motion to
2  disqualify. No rights Plaintiff seeks to vindicate by this litigation are implicated in the AG's
3  representation of Defendants, and Plaintiff can suffer no harm from whatever attenuated
4  conflict may exist between the AG and Defendants. Accordingly, the motion to disqualify is
5  denied based on Plaintiff's lack of standing.

### III.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to disqualify is DENIED.

IT IS SO ORDERED.

Dated:     **September 11, 2012**              _/s/ **Gary S. Austin**_
                                                UNITED STATES MAGISTRATE JUDGE