# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SUTHERLAND, | 1:09-cv-02152-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND FOR SANCTIONS (Doc. 39.) |
| vs. | ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENAS AS MOOT (Doc. 42.) |
| JAMES A. YATES, et al., | |
| Defendants. | ORDER GRANTING DEFENDANTS AN EXTENSION OF TIME NUNC PRO TUNC (Doc. 46.) |
| | ORDER DENYING PLAINTIFF'S MOTION FOR PRODUCTION OF DOCUMENTS AS UNTIMELY (Doc. 47.) |
| | ORDER CLOSING DISCOVERY |

## I.     RELEVANT PROCEDURAL HISTORY

William Sutherland ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on December 11, 2009.  (Doc. 1.)  This case now proceeds on the First Amended Complaint, filed on December 6, 2010, against defendants Correctional Officer ("C/O") A. Fernando and C/O M. Jericoff for use of excessive force in violation of the Eighth Amendment; against Warden James A. Yates ("Defendants") for failure to protect Plaintiff in violation of the Eighth Amendment; and on Plaintiff's related state tort claims.  (Doc. 15.)

1    On September 8, 2011, the Court issued a scheduling order establishing a deadline of May 8,

2    2012 for the completion of discovery, including the filing of motions to compel, and a deadline of

3    July 19, 2012 for the filing of pretrial dispositive motions.  (Doc. 27.)

4    Four motions filed in this action are now before the Court:

5    On April 16, 2012, Plaintiff filed a motion to extend the discovery deadline and to impose

6    sanctions on Defendants.  (Doc. 39.)  On April 27, 2012, Defendants filed an opposition to the

7    motion. (Doc. 40.)  On May 14, 2012, Plaintiff filed a reply.  (Doc. 43.)

8    On May 3, 2012, Plaintiff filed a motion for issuance of subpoenas duces tecum.  (Doc. 42.)

9    On July 17, 2012, Defendants filed a motion to vacate the dispositive motions deadline, or in

10   the alternative, to extend the dispositive motions deadline for thirty days.  (Doc. 46.)  On August 13,

11   2012, Plaintiff filed an opposition to the motion.  (Doc. 48.)

12   On August 6, 2012, Plaintiff filed a motion to compel production of documents for *in camera*

13   review.  (Doc. 47.)

14
15   ## II.   PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE AND FOR SANCTIONS

16   Plaintiff requests an extension of the discovery deadline of May 8, 2012, which was

17   established by the Court's scheduling order issued on September 8, 2011.  Plaintiff also requests that

18   sanctions be imposed on Defendants for misleading Plaintiff and for failing to comply with the

19   scheduling order.

20   ### Modification of Scheduling Order

21   Modification of the Court's scheduling order requires a showing of good cause, Fed. R. Civ.

22   P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc.,

23   975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a

24   scheduling order must generally show that even with the exercise of due diligence, they cannot meet

25   the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the

26   modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the

27   ///

28

1  inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern

2  California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

3      Plaintiff argues that the discovery deadline in this action should be extended because

4  Defendants caused a delay during the discovery phase by belatedly responding to Plaintiff's First

5  Request for Discovery ("First Request"), failing to comply with the Court's forty-five day deadline.[1]

6  Plaintiff asserts that he served the First Request upon Defendants on September 20, 2011, and

7  therefore, pursuant to the Court's scheduling order, Defendants' response was due forty-five days

8  later. (Motion, Doc. 39 at 1:22.) Plaintiff asserts that on November 10, 2011 and December 21,

9  2011, he sent letters to defense counsel asking when he would receive a response, and Defendants

10  sent Plaintiff a misleading reply which misstated the dates that Plaintiff had served his First Request.

11  (Id. at 1:26-28, 2:1-6.) Plaintiff asserts that on March 9, 2012, Defendants finally responded to the

12  First Request, denying all of Plaintiff's requests for discovery. (Id. at 2:12-13.) Plaintiff argues that

13  the Court's discovery deadline should be extended to compensate for the one-hundred-twenty-six days

14  that Defendants delayed before responding to Plaintiff's First Request.

15      In opposition, Defendants argue that Plaintiff incorrectly states that Defendants did not

16  respond to his first set of requests for discovery and production of documents. Defendants concede

17  that their responses, although prepared in November 2011, were served untimely because of a clerical

18  mistake, and upon learning of their oversight, Defendants served the responses on March 6, 2012.

19  (Opp'n, Doc. 40 at 3:16-18.) Defendants assert that they also served supplemental responses and

20  produced numerous documents in response to Plaintiff's discovery requests on April 16, 2012, and

21  Plaintiff did not challenge the adequacy of the supplemental responses. (Id. at 3:19-22.) Defendants

22  argue that Plaintiff has not explained what further discovery he seeks, why it could not be obtained

23  during the discovery period, or why he requires an additional four months to conduct discovery.

24      Plaintiff asserts that he received Defendants' supplemental responses served on April 16,

25  2012, but argues that the supplemental responses were provided untimely, two hundred nine days

26

27      [1]The Court's scheduling order provides: "Responses to written discovery requests shall be due forty-five
    (45) days after the request is first served."  (Doc. 27 ¶2.)

28

3

after Plaintiff served his First Request for Discovery, and one hundred sixty-four days after the deadline in the Court's scheduling order. (Reply, Doc. 43 at 1:25-2:1.) Plaintiff argues that an extension of the discovery deadline is required because Defendants delayed two hundred nine days before supplying any of the documents requested, leaving only twenty-two days for Plaintiff to file any responses, motions, or other documents to acquire the items requested but not supplied.

Plaintiff has not shown good cause to extend the discovery deadline. Plaintiff has not demonstrated that he was unable to meet the discovery deadline of May 8, 2012, notwithstanding Defendants' delay in responding to Plaintiff's discovery requests. Plaintiff was able to file a motion to compel on February 23, 2012, and an amended motion to compel on May 2, 2012, before the expiration of the discovery deadline. (Docs. 33, 41.) Plaintiff also filed a motion for issuance of subpoenas duces tecum to compel production of documents, on May 3, 2012. (Doc. 42.) Under these facts, Plaintiff has not shown that he could not meet the requirement of the Court's scheduling order and therefore, Plaintiff's motion to extend the discovery deadline shall be denied.

**Sanctions**

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, which may include the imposition of sanctions upon the disobedient party, including dismissal of the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A). "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). In the Ninth Circuit, sanctions are appropriate only in "extreme circumstances" and where the violation is "due to willfulness, bad faith, or fault of the party." Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002.) (quoting United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir.1988) (citations omitted)). Disobedient conduct not shown to be outside the litigant's control meets this standard. Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir.1994). In North Am. Watch Corp. v. Princess Ermine Jewels, 786 F.2d 1447, 1451 (9th Cir.1986), the Ninth Circuit held that "[b]elated compliance with discovery orders

does not preclude the imposition of sanctions.  <u>Fair Housing of Marin</u>, 285 F.3d at 905 (also citing <u>Nat'l Hockey League v. Metro. Hockey Club, Inc.</u>, 427 U.S. 639, 643, 96 S.Ct. 2778 (1976) (per curiam); <u>G-K Props. v. Redevelopment Agency of the City of San Jose</u>, 577 F.2d 645, 647-48 (9th Cir.1978)).

Plaintiff requests that sanctions be imposed on Defendants because Defendants misled Plaintiff and failed to comply with the Court's deadline to respond to discovery requests.  Plaintiff maintains that Defendants falsely stated that Plaintiff's First Request for Discovery was not served until October 28, 2011 and November 9, 2011, whereas Plaintiff actually served the First Request on September 20, 2011.   (Motion, Doc. 39 at 2:4-8.)  Plaintiff also asserts that Defendants did not respond to his First Request until well after the forty-five day deadline established in the Court's scheduling order.  (<u>Id.</u> at 2:9-12.)

Defendants have acknowledged that their responses to Plaintiff's discovery requests were served untimely due to a clerical mistake, but that they served the responses upon learning of the oversight. (Opp'n, Doc. 40 at 3:16-18.)

The Court finds no willfulness, bad faith, or fault on the part of Defendants to justify the imposition of sanctions.  Moreover, Plaintiff has not shown that he was prejudiced by Defendants' delay or misstatements.  Therefore, Plaintiff's motion for sanctions is denied.

## III.   PLAINTIFF'S MOTION FOR SUBPOENAS

Plaintiff requests the issuance of three subpoenas duces tecum, to compel production of documents: (1) a DVD recording of the incident of May 26, 2009 that is the cause of action in this case; (2) personnel records of defendant M. Jericoff concerning investigation into abuse, staff complaints, inmate/parolee appeal 602 complaints, and legal actions filed against Jericoff from five years prior to May 26, 2009 until the present date; and (3) oaths or affirmations and bonds of defendants Yates, Fernando and Jericoff filed with the Secretary of State's Office, as required by the California State Constitution and the California Government Code.

Plaintiff's motion is moot, in light of the Court's order of September 14, 2012 which resolved Plaintiff's amended motion to compel filed on May 2, 2012. (Doc. 53.) The Court's order addressed

1  and resolved Plaintiff's requests to compel production of the same documents for which Plaintiff now

2  seeks subpoenas: (1) "Certified copies of the Oaths/Affirmations taken and filed with the Secretary

3  of State as is required by the California State Constitution and Laws of the State of California of each

4  and all Defendant[s]; (2) "[a]ll person[nel] records . . . of M. Jericoff . . . pertaining to, but not limited

5  to, any and all Inmate Complaints, Staff Complaints, Citizen Complaints, and/or any other

6  disciplinary actions . . ."; and (3) "[a] true and complete copy of the D.V.D. recorded by Correctional

7  Officer W. Morris at 11:45 A.M. on May 26, 2009." (Order, Doc. 53 at 7:16-18, 9:22-25, 11:15-16.)

8  The Court's order denied Plaintiff's request for copies of the oaths/affirmations filed with the

9  Secretary of State, granted Plaintiff's request for copies from defendant Jericoff's personnel records,

10  and denied Plaintiff's request for a copy of the DVD recorded on May 26, 2009. (See Doc. 53.)

11  Therefore, Plaintiff's motion for subpoenas is moot and shall be denied as such.

12  **IV.   DEFENDANTS' MOTION TO VACATE THE DISPOSITIVE MOTIONS DEADLINE,
       OR TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE FOR THIRTY DAYS**

13
14         Defendants request that the Court vacate the deadline to file dispositive motions until after

15  the Court rules on Plaintiff's pending discovery motions. In the alternative, Defendants request a

16  thirty-day extension of the dispositive motions deadline to allow the Court to rule on the pending

17  motions and allow Defendants more time to prepare their motion for summary judgment. Defendants

18  argue that the deadline should be vacated because Plaintiff has several discovery motions pending,

19  including a motion to compel and two requests for subpoenas duces tecum, as well as a request to

20  extend the discovery deadlines. (Declaration of Diana Esquivel, Doc. 46 at 3 ¶¶3-5.) Defendants

21  contend that to avoid an opposition under Federal Rule of Civil Procedure 56(d), resolution of the

22  discovery motions is more efficient than requiring the parties to file their dispositive motions by the

23  current deadline. (Id. ¶6.) In the alternative, Defendants request a thirty-day extension of the deadline

24  because their counsel requires more time to complete a summary judgment motion, and because

25  defense counsel will be on vacation from July 17 to August 6. (Id. ¶¶7-9.) Defendants argue that

26  "Plaintiff will suffer no prejudice . . . because discovery is closed and the only remaining deadline is

27  the one to file pretrial motions . . . [but] Defendants will be highly prejudiced if this request is denied

28  ///

6

1  because they have good grounds to bring their summary-judgment motion but simply require more

2  time to complete it." (Id. ¶10.)

3      In opposition, Plaintiff argues that Defendants have not explained why they did not file a

4  dispositive motion within the time given by the Court.  Plaintiff also argues that Plaintiff's pending

5  discovery motions are the result of Defendants' delays in responding to discovery requests.  Plaintiff

6  maintains that he will be prejudiced if the dispositive motions deadline is extended, because a

7  summary judgment motion is prejudicial to Plaintiff.

8      A review of the Court's record shows that Defendants filed a motion for summary judgment

9  on August 17, 2012.  (Doc. 49.)  Thus, at this juncture, it would serve no purpose to vacate the

10  deadline for filing dispositive motions pursuant to Defendants' motion of July 17, 2012.  With respect

11  to Defendants' alternate request to amend the scheduling order to extend the dispositive motions

12  deadline, the Court finds good cause instead to grant Defendants an extension of time nunc pro tunc

13  to July 19, 2012, deeming their motion for summary judgment timely filed.

14

## V.   PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FOR *IN CAMERA* REVIEW

15

16      On August 6, 2012, Plaintiff filed a motion to compel Defendants to produce documents for

17  *in camera* review by the Court.  (Doc. 47.)  This motion is untimely.  Pursuant to the Court's

18  scheduling order of September 8, 2011, the deadline for the parties to conduct discovery, including

19  filing motions to compel, was May 8, 2012, and the deadline has not been extended.  (Doc. 27.)

20  Therefore, Plaintiff's motion to compel, filed on August 6, 2012, is untimely and shall be denied as

21  such.

## VI.   CONCLUSION

22

23      Based on the foregoing, IT IS HEREBY ORDERED that:

24      1.   Plaintiff's motion to extend the discovery deadline and to impose sanctions on

25           Defendants, filed on April 16, 2012, is DENIED;

26      2.   Plaintiff's motion for issuance of subpoenas duces tecum, filed on May 3, 2012, is

27           DENIED as moot;

28

3.    Defendants are GRANTED an extension of time in which to file a dispositive motion, nunc pro tunc to July 17, 2012, deeming Defendants' motion for summary judgment of August 17, 2012 timely filed;

4.    Plaintiff's motion to compel production of documents for *in camera* review, filed on August 6, 2012, is DENIED as untimely; and

5.    Discovery in this action is now closed.


IT IS SO ORDERED.

**Dated:**   __**September 18, 2012**__            _____/s/ **Gary S. Austin**_____
                                                            UNITED STATES MAGISTRATE JUDGE