UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SUTHERLAND,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JAMES A. YATES, et al.,<br><br>　　　　Defendants. | 1:09-cv-02152-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 70.)<br><br>ORDER REFERRING PLAINTIFF'S RULE 37(b) MOTION TO THE MAGISTRATE JUDGE |

## I.　BACKGROUND

William Sutherland ("Plaintiff") is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 11, 2009. (Doc. 1.) This action now proceeds on the First Amended Complaint, filed by Plaintiff on December 6, 2010, against defendants C/O A. Fernando and C/O M. Jericoff for use of excessive force; against defendant Warden James Yates for failure to protect Plaintiff; and on Plaintiff's related state claims. (Doc. 15.)

On September 8, 2011, the Court issued a Scheduling Order establishing pretrial deadlines, including a discovery deadline of May 8, 2012. (Doc. 27.) The discovery deadline has not been extended, and discovery is now closed. (Doc. 54.) On August 17, 2012, Defendants filed a motion for summary judgment, which is pending. (Doc. 49.)

1

On December 10, 2012, Plaintiff filed a motion for issuance of subpoenas to compel production of documents by five non-parties. (Doc. 58.) On January 15, 2013, the Magistrate Judge entered an order denying the motion as untimely because it was filed after the discovery deadline. (Doc. 67.) On February 15, 2013, Plaintiff filed a motion for reconsideration of the Magistrate Judge's order by the District Court. (Doc. 70.) On March 4, 2013, Defendants filed an opposition to the motion. (Doc. 71.)

Plaintiff's motion for reconsideration is now before the Court.

## II.     MOTION FOR RECONSIDERATION BY DISTRICT JUDGE

### A.     Legal Standard

Local Rule 303 provides that "[a] party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge ... specifically designat[ing] the ruling, or party thereof, objected to and the basis for that objection. This request shall be captioned 'Request for Reconsideration by the District Court of Magistrate Judge's Ruling.'" Local Rule 303(c). "The standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)." Local Rule 303(f).

### B.     Plaintiff's Motion

Plaintiff seeks reconsideration of the Magistrate Judge's order of January 15, 2013, which denied Plaintiff's December 12, 2012 motion for issuance of subpoenas as untimely, because it was filed after the May 8, 2012 discovery deadline. Plaintiff argues that the discovery deadline does not apply to his motion because he is not requesting new discovery, but instead seeks to "enforce the Court's September 14, 2012 Order" by requesting documents from nonparties that Defendants failed to provide to him pursuant to the Court's order of September 14, 2012. (Motion, Doc. 70 at 4: 11-12.)

In opposition, Defendants argue that Plaintiff has not raised any new argument or facts to entitle him to the relief he requests. With respect to Plaintiff's argument that he was not seeking new discovery but was seeking to compel Defendants' compliance with the Court's order, Defendants argue that a motion to compel compliance is a discovery-related motion, and the Court properly denied Plaintiff's motion for the issuance of subpoenas as untimely.

///

**Discussion**

Plaintiff's argument -- that his motion for issuance of subpoenas was not untimely, because the discovery deadline does not apply to the motion -- is unpersuasive. Plaintiff argues that his motion for subpoenas was not a new discovery request [to which the discovery deadline would apply], because the motion sought to enforce the Court's prior order of September 14, 2012. This argument fails, because Plaintiff's motion seeking subpoenas compelling *nonparties* to produce documents, if granted, would not enforce the Court's prior order compelling *Defendants* to produce documents.

Plaintiff also appears to argue that he should be permitted to issue subpoenas after the expiration of the deadline because he has continually attempted to issue subpoenas, without success, since discovery was opened. This argument is also unpersuasive. Plaintiff describes his prior unsuccessful attempts to request issuance of subpoenas, pursuant to four motions he filed before the expiration of the discovery deadline. A review of the record shows that Plaintiff's prior motions were unsuccessful primarily because Plaintiff failed to comply with the Court's orders requiring him to (1) identify with specificity the documents sought and from whom, and (2) make a showing that the records are only obtainable through that third party, and because the September 14, 2012 order resolved Plaintiff's motion to compel production of documents. (Docs. 29, 20, 31, 32, 34, 35, 42, 54.)

The Court finds no evidence that the Magistrate Judge's ruling was clearly erroneous or contrary to law. Therefore, the motion for reconsideration shall be denied.

**Rule 37(b) Motion**

Within the motion for reconsideration, Plaintiff argues that Defendants failed to comply with the Court's September 14, 2012 order. Id. The Court construes this as a motion pursuant to Rule 37(b) of the Federal Rules of Civil Procedure. Defendants addressed Plaintiff's arguments in their March 4, 2013 opposition. (Doc. 71.) The Rule 37(b) motion shall be referred to the Magistrate Judge for consideration.

///
///
///

3

**III. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the Magistrate Judge's ruling, filed on February 15, 2013, is DENIED; and
2. Plaintiff's Rule 37(b) motion, filed on February 15, 2013, is referred to the Magistrate Judge for consideration.

IT IS SO ORDERED.

**Dated:   March 20, 2013**            /s/  **Lawrence J. O'Neill**
                                       UNITED STATES DISTRICT JUDGE