UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SUTHERLAND,<br><br>            Plaintiff,<br><br>      vs.<br><br>JAMES A. YATES, et al.,<br><br>            Defendants. | 1:09-cv-02152-LJO-GSA-PC<br><br>ORDER DISMISSING PLAINTIFF'S RULE 37(b) MOTION<br>(Doc. 70.)<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE NEW RULE 37(b) MOTION WITHIN THIRTY DAYS<br><br>THIRTY DAY DEADLINE |

I.      BACKGROUND

William Sutherland ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on December 11, 2009.  (Doc. 1.)  This action now proceeds on the First Amended Complaint, filed by Plaintiff on December 6, 2010, against defendants C/O A. Fernando and C/O M. Jericoff for use of excessive force; against defendant Warden James Yates for failure to protect Plaintiff; and on Plaintiff's related state claims.  (Doc. 15.)

On March 20, 2013, the District Judge entered an order denying Plaintiff's motion for reconsideration of the court's order of January 15, 2013, which denied Plaintiff's motion for issuance of subpoenas.  (Doc. 73.)  The Court found that "[w]ithin the motion for reconsideration, Plaintiff argues that Defendants failed to comply with the Court's September

14, 2012 order," and construed Plaintiff's argument as a motion to compel under Rule 37(b). (Id. at 3:20-22.)   The court referred Plaintiff's Rule 37(b) motion to the undersigned for resolution.  (Id. at 3:23-24.)

## II.     MOTION TO COMPEL -- RULE 37(b)

Under Rule 37(b) of the Federal Rules of Civil Procedure, if a party fails to obey an order to provide or permit discovery, the court may issue further just orders which may include compelling compliance with the order or imposing sanctions.  Fed. R. Civ. P. 37(b).

### A.     Plaintiff's Motion

Plaintiff brought a motion on February 15, 2013 which the court has construed as a Rule 37(b) motion.  The motion consists merely of Plaintiff's statement that he seeks "to enforce the court's September 14, 2012 order because Defendants failed to fully comply and did not provide all of the documents that were ordered." (Doc. 70 at 4:11-13.)

### B.     Defendants' Opposition

In opposition, Defendants first argue that Plaintiff's motion is untimely, because a motion to compel compliance is a discovery-related motion which is untimely because it was brought after the court's May 8, 2012 deadline to conduct discovery.  Defendants also argue that that they "produced all responsive documents in their possession, custody, or control as required in the Court's September 2012 order."  (Doc. 71 at 3:14-15.)

### C.     Discussion

The   court   does   not   find   Plaintiff's   motion   to   be   untimely   under   the discovery/scheduling order.  The court's discovery/scheduling order of September 8, 2011 established a deadline of May 8, 2012 for the parties to complete discovery, including motions to compel discovery. (Doc. 27.)  Defendants argue that Plaintiff's motion under Rule 37(b) is untimely because it was filed on February 15, 2013, after the discovery deadline had expired.  However, a Rule 37(b) motion is not a motion to compel discovery, but rather a motion to compel Defendants' compliance with the court's order.  Fed. R. Civ. P. 37(b).   Therefore, the May 8, 2012 deadline to complete discovery is not applicable to Plaintiff's Rule 37(b) motion, and Plaintiff's 37(b) motion is not untimely under the court's discovery/scheduling order.

After review of Plaintiff's motion and Defendants' opposition, the court finds that the parties have not set forth arguments and facts sufficient for the court to determine whether Plaintiff's motion should be granted.  The court requires further briefing from the parties before making a ruling on Plaintiff's Rule 37(b) motion.  If Plaintiff wishes to pursue a Rule 37(b) motion, he must file a new, separate motion providing sufficient arguments and facts for the court's consideration.  Plaintiff's prior motion under Rule 37(b), filed on February 15, 2013, shall be dismissed, and Plaintiff shall be granted thirty days in which to file a new motion. Defendants' opposition, if any, "shall be served and filed ... not more than twenty-one (21) days after the date of service of the motion." L.R. 230(*l*).  Plaintiff's reply to the opposition, if any, shall be filed and served "not more than seven (7) days after the opposition has been filed in CM/ECF." Id.

**III.     CONCLUSION**

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion under Rule 37(b), filed on February 15, 2013, is dismissed;

2.    Plaintiff is granted leave to file a new, separate motion under Rule 37(b) within thirty days from the date of service of this order, if he wishes, as instructed by this order;

3.    Defendants' opposition, if any, shall be served and filed not more than twenty-one (21) days after the date of service of the motion, pursuant to Local Rule 230(*l*); and

4.    Plaintiff's reply to the opposition, if any, shall be filed and served not more than seven (7) days after the opposition has been filed, pursuant to Local Rule 230(*l*).

IT IS SO ORDERED.

Dated:   __July 17, 2013__                              _____/s/ Gary S. Austin__
                                                                   UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28