UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SUTHERLAND,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JAMES A. YATES, et al.,<br><br>　　　　　Defendants. | 1:09-cv-02152-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR SANCTIONS AGAINST DEFENDANT JERICOFF FOR WITNESS TAMPERING<br>(Doc. 74.) |

**I.　　BACKGROUND**

William Sutherland ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on December 11, 2009.  (Doc. 1.)   This action now proceeds on the First Amended Complaint, filed by Plaintiff on December 6, 2010, against defendants C/O A. Fernando and C/O M. Jericoff for use of excessive force; against defendant Warden James Yates for failure to protect Plaintiff; and on Plaintiff's related state claims. (Doc. 15.)

On September 8, 2011, the court issued a scheduling order establishing pretrial deadlines including a deadline of May 8, 2012 for the completion of discovery, and a deadline of July 19, 2012 for the parties to file pretrial dispositive motions.  (Doc. 27.)  These deadlines have now expired.  Defendants' motion for summary judgment, filed with leave of court on August 17, 2012, is pending. (Doc. 49.)

On March 20, 2013, Plaintiff filed a motion for the court to impose sanctions upon defendant Jericoff for witness tampering. (Doc. 74.) On April 10, 2013, Defendants filed an opposition. (Doc. 75.) Plaintiff's motion for sanctions is now before the court.

## II. WITNESS TAMPERING – CAL.PENAL CODE § 137 AND 18 U.S.C. § 1512

### A. Legal Standards

#### 1. California Penal Code § 137

California Penal Code § 137 provides that every person who attempts to influence testimony by a witness *pertaining to a crime*, by bribery, force, threat of force, or use of fraud, or who knowingly induces another person to give false testimony to, or withhold true testimony from a law enforcement official, *pertaining to a crime*, is guilty of a felony or misdemeanor. Cal.Penal Code § 137 (emphasis added).

#### 2. 18 U.S.C. § 1512(b)(1)

Section 1512(b)(1) provides that "[w]hoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to influence, delay, or prevent the testimony of any person in an official proceeding shall be fined under this title or imprisoned not more than 20 years, or both." 18 U.S.C. § 1512(b)(1).

### B. Plaintiff's Motion

Plaintiff argues that under California Penal Code § 137 and 18 U.S.C. § 1512, defendant Jericoff is subject to sanctions in this action by the court for witness tampering. Plaintiff asserts that on or about December 23, 2012, while he was standing in the medication line at the prison, another inmate, Hodgens, approached Plaintiff and informed him that he [Hodgens] could no longer fill out a declaration as to what he saw on or about October 6, 2008, when he [Hodgens] saw two Hispanic inmates being extracted from their cell, and saw the part played by defendant Jericoff in the cell extraction. Plaintiff asserts that Hodgens told Plaintiff that he could no longer be a part of Plaintiff's action because defendant Jericoff helped him [Hodgens] out by lying at Hodgens' 115 [disciplinary] hearing. Plaintiff had provided Hodgens' name to defense counsel in this action, informing counsel that Hodgens would be writing a declaration

about events he witnessed concerning defendant Jericoff. Plaintiff asserts that the Deputy Attorney General promised Plaintiff that she would keep the names of witnesses from the officers if she could, as Plaintiff was fearful of what might happen. Plaintiff argues that defendant Jericoff's actions severely damaged Plaintiff's case and caused the Magistrate Judge to deny Plaintiff's motion for subpoena duces tecum filed on December 10, 2012.

Plaintiff also argues that defendants failed to comply with the court's discovery order of September 14, 2012.

Plaintiff requests sanctions and an investigation into charges against defendant Jericoff for witness tampering or obstructing justice.

### C. **Defendants' Opposition**

Defendants argue that 18 U.S.C. § 1512, under which criminal charges can be brought for persuasion of a witness with intent to prevent testimony in an official proceeding, does not provide for civil or monetary sanctions. Defendants also argue that California Penal Code § 137, which applies to "material information pertaining to a crime" is inapplicable to this civil action which proceeds on Plaintiff's excessive force claim.

Defendants also argue that Plaintiff's motion is untimely and improper because it is a motion to compel defendants' compliance with the September 14, 2012 order requiring that they produce certain documents, and discovery is now closed.

Lastly, Defendants provide evidence that defendant Jericoff has not engaged in any improper conduct. (Declaration of M. Jericoff, Doc. 75-1.)

### D. **Discussion**

Plaintiff's argument that defendants failed to comply with the discovery order of September 14, 2012, shall not be considered here. This issue is not relevant to the instant motion for sanctions, and Plaintiff's pending Rule 37 motion, filed on September 6, 2013, addresses this issue at great length. (Doc. 78.)

Defendants' arguments that 18 U.S.C. § 1915 and California Penal Code § 137 are not applicable to Plaintiff's motion have merit. Plaintiff's reliance on federal and state statutes pertaining to criminal prosecution for witness tampering is misplaced. These criminal statutes

cannot be used to impose sanctions in a § 1983 civil rights action such as Plaintiff's. Moreover, the Court is not authorized to initiate the investigative proceeding sought by Plaintiff. Such investigations are properly conducted by law enforcement agencies, not by the courts. Therefore, Plaintiff's motion shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for the court to impose sanctions against defendant Jericoff for witness tampering is DENIED.

IT IS SO ORDERED.

Dated: __**October 7, 2013**__ __**/s/ Gary S. Austin**__
UNITED STATES MAGISTRATE JUDGE