UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SUTHERLAND,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JAMES A. YATES, et al.,<br><br>　　　　Defendants. | 1:09-cv-02152-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 84.) |

## I.　BACKGROUND

　　William Sutherland ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 11, 2009. (Doc. 1.)  This action now proceeds on the First Amended Complaint, filed by Plaintiff on December 6, 2010, against defendants Correctional Officer (C/O) A. Fernando and C/O M. Jericoff for use of excessive force; against defendant Warden James Yates for failure to protect Plaintiff; and on Plaintiff's related state claims. (Doc. 15.)  The discovery phase in this action has concluded, and Defendants' motion for summary judgment, filed on August 17, 2012, is pending.

　　On October 31, 2013, Plaintiff filed a motion for reconsideration by the District Judge of the Magistrate Judge's order of October 8, 2013, which denied Plaintiff's motion for

sanctions against defendant Jericoff for witness tampering.  (Doc. 84.)  Plaintiff's motion for reconsideration is now before the court.

## II.    MOTION FOR RECONSIDERATION BY DISTRICT JUDGE

### A.    Legal Standard

Local Rule 303 provides that "[a] party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge . . . specifically designat[ing] the ruling, or party thereof, objected to and the basis for that objection.  This request shall be captioned 'Request for Reconsideration by the District Court of Magistrate Judge's Ruling.'"  Local Rule 303(c).  "The standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)."  Local Rule 303(f).

### B.    Plaintiff's Motion

Plaintiff argues that the Magistrate Judge's denial of his motion for sanctions against defendant Jericoff for witness tampering was erroneous and contrary to the law because it "set[s] a standard that would block and prevent witnesses from comming (*sic*) forward in Prison Cases as it does allow for the Correctional Officials to Threaten them, Coerce, Bribe or Retaliate against them for comming (*sic*) forward and would severly (*sic*) impede Equal Justice under the law."  Motion, Doc. 84 at 2¶II.  Specifically, Plaintiff objects to the Magistrate Judge's finding that there is no authority in a § 1983 civil rights action such as Plaintiff's for the court to conduct investigations or impose sanctions for witness tampering pursuant to criminal statutes.  Now, Plaintiff argues that he did not intend to limit the court to particular sanctions, and his objective was to protect Equal Justice by protecting his witnesses from retaliation or other means of discouraging them from testifying in this action.  Plaintiff requests the court to recognize that he is a laymen at law and to hold his pleadings to a lesser standard.

The court has reviewed Plaintiff's motion for sanctions and the Magistrate Judge's order denying the motion.  In the motion, Plaintiff alleges that defendant C/O Jericoff acted in violation of California Penal Code § 137 and 18 U.S.C. § 1512 by tampering with one of Plaintiff's inmate witnesses.  Plaintiff alleges that Jericoff bribed the witness, causing the

witness to refuse to testify against Jericoff in Plaintiff's action. Plaintiff requests the court to conduct an investigation and to impose sanctions against defendant Jericoff for witness tampering. The Magistrate Judge denied Plaintiff's motion on the grounds that Plaintiff's reliance on federal and state statutes pertaining to criminal prosecution for witness tampering was misplaced, and the court lacks the authority to initiate the investigation or impose the sanctions sought by Plaintiff in this action.

Based on the court's review of the pleadings and consideration of Plaintiff's arguments, the court finds no evidence that the Magistrate Judge's ruling was clearly erroneous or contrary to law. Therefore, Plaintiff's motion for reconsideration shall be denied.

### III. CONCLUSION

Based on the foregoing, THE COURT HEREBY DENIES Plaintiff's motion for reconsideration filed on October 31, 2013.

IT IS SO ORDERED.

Dated:   **November 5, 2013**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE