UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SUTHERLAND, | 1:09-cv-02152-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S RULE 37(b) MOTION AS UNTIMELY (Doc. 78.) |
| vs. | |
| JAMES A. YATES, et al., | ORDER CLOSING ALL DISCOVERY AND DISCOVERY-RELATED ACTIVITY |
| Defendants. | |

I.    **BACKGROUND**

William Sutherland ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on December 11, 2009.  (Doc. 1.)  This action now proceeds on the First Amended Complaint, filed by Plaintiff on December 6, 2010, against defendants C/O A. Fernando and C/O M. Jericoff for use of excessive force; against defendant Warden James Yates for failure to protect Plaintiff; and on Plaintiff's related state claims.[1]  (Doc. 15.)

On September 8, 2011, the Court issued a Scheduling Order establishing a deadline of May 8, 2012, for the parties to complete discovery, including the filing of motions to compel.[2]

---

[1] All other claims and defendants were dismissed from this action by the court on June 16, 2011.  (Doc. 20.)

[2] This deadline has not been extended, and discovery is now closed.

1

(Doc. 27.)  On February 23, 2012, Plaintiff filed a motion to compel production of documents. (Doc. 33.)  On May 2, 2012, Plaintiff filed an amended motion to compel production of documents.  (Doc. 41.)  On September 14, 2012, the court issued an order granting in part Plaintiff's amended motion to compel, requiring Defendants to produce documents in response to Plaintiff's Request for Production of Documents, within forty-five days.  (Doc. 53.)

On March 20, 2013, the Court, in response to Plaintiff's Rule 37(b) motion of February 15, 2013, referred the motion to this Magistrate Judge.  (Doc. 73.)  On July 17, 2013, the Magistrate Judge dismissed Plaintiff's Rule 37(b) motion, with leave to renew the motion within thirty days.  (Doc. 77.)

On September 6, 2013, Plaintiff filed a renewed Rule 37(b) motion.  (Doc. 78.)  On October 10, 2013, Defendants filed an opposition.  (Doc. 83.)  On November 12, 2013, Plaintiff filed a reply to the opposition.  (Doc. 87.)  Plaintiff's renewed Rule 37(b) motion is now before the court.

## II.    RULE 37(b) MOTION

### A.    Rule 37(b) of the Federal Rules of Civil Procedure

Under Rule 37(b) of the Federal Rules of Civil Procedure, if a party fails to obey an order to provide or permit discovery, the court may issue further just orders which may include compelling compliance with the order or imposing sanctions.  Fed. R. Civ. P. 37(b).

### B.    Plaintiff's Motion

Plaintiff contends that Defendants failed to fully comply with the court's order of September 14, 2012, which compelled Defendants to produce certain discovery documents for Plaintiff's review.

Plaintiff asserts that he filed an amended motion to compel discovery, due to Defendants' failure to provide documents needed by Plaintiff to prosecute this case.  (Doc. 41.) On September 14, 2012, the court issued an order requiring Defendants to further respond to Plaintiff's Request for Production (RFP) No. 3, providing in relevant part:

"Defendants are ordered to further respond within forty-five days to RFP No. 3 and produce all documents that concern excessive force claims against defendants Fernando and Jericoff for the period from May 26, 2007 to May 26,

2009, whether the records are kept in personnel files, personnel records, inmate files, records of inmate appeals, records of investigations, records of crime/incident reports, or records of disciplinary actions." (Order, Doc. 53 at 11:6-10.)

Plaintiff asserts that Defendants produced only "3 minor complaints[3] against the defendants that were provided to them by Pleasant Valley State Prison," whereas Plaintiff has knowledge of other existing documents responsive to the court's order that Defendants failed to produce. (Motion, Doc. 78 at 1:26-28.) Plaintiff asserts that he brought several cases of excessive force by defendant Jericoff to the court's attention, for which complaints were filed and Internal Affairs investigation were done, yet none of those documents were produced by Defendants. Plaintiff describes three of those cases:

    (1)    Sometime between January 2009 and May 2009, inmate Michael Crudup (approximate spelling) was assaulted by Officers Mendoza and M. Jericoff. Inmate Crudup filed a form 602 inmate appeal at Pleasant Valley State Prison, as a staff complaint to the Office of Internal Affairs. Inmate Crudup exhausted his remedies pursuant to the Prison Litigation Act and filed a § 1983 with this court.

    (2)    Sometime around October 6, 2008, two Hispanic inmates were assaulted by Lieutenant Mills, Sergeant Scott, and Officers Horner and M. Jericoff during a cell extraction in Building 3 of D-Yard. The officers pepper sprayed the inmates and then locked them inside the cell for 20-30 minutes, then pulled them out, slamming them face down on the ground. Officer Jericoff again pepper sprayed one of the inmates who was restrained on the ground, then beat the inmate on the head until the canister holder broke and the inmate was bleeding profusely from his head. This incident was investigated ty Internal Affairs and should be well documented.

    (3)    Sometime between 2007 and 2009, an inmate known as Moses was tackled and choked by Officer M. Jericoff for failing to stop when he was called. Moses is hard of hearing and was being called because he brought a Ramen Noodle Soup into the Work Exchange area. Inmate Moses filed a complaint, as did several other inmates.

Plaintiff asserts that Defendants have failed to provide any documentation of these cases, even after Plaintiff provided them with the details of these events. Plaintiff argues that these documents fall within the boundaries of the September 14, 2012 order, and Defendants have not used due diligence in searching for these and any other documents, as ordered,

---

[3] However, in Plaintiff's declaration, he asserts that "[o]n November 2, 2012 the Defence (*sic*) turned over 4 minor complaints." (Declaration of William Sutherland, Doc. 78 at 19 ¶6.)

pertaining to excessive force used by Officers Fernando and Jericoff.  Plaintiff argues that there is no evidence that Defendants searched for records in the custody or control of all departments of the CDCR.

## C.   Defendants' Opposition

Defendants argue that the court should deny Plaintiff's Rule 37(b) motion because it is untimely and has no merit.

### Plaintiff's Motion Was Untimely

Defendants argue that Plaintiff's renewed Rule 37(b) motion was filed after the deadline established by the court.  On July 17, 2013, the court dismissed Plaintiff's prior Rule 37(b) motion and granted Plaintiff thirty days to file a renewed motion, causing Plaintiff's renewed motion to be due no later than August 16, 2013.  (Doc. 53.)  Plaintiff did not serve his renewed motion until August 23, 2013.  (Doc. 78 at 67.)  In his motion, Plaintiff conceded that he received notice of the court's July 17, 2013 order around July 31, 2013; however, he did not assert in his motion that he was unable to meet the deadline, and he never requested an extension of time.  (Id. at 21 ¶18.)

### Defendants Produced All The Court-Ordered Documents In Their Possession, Custody, or Control

In addition, Defendants argue that the court should deny Plaintiff's Rule 37(b) motion because they complied with the court's order of September 14, 2012, by producing all documents responsive to Plaintiff's RFP No. 3 that were in their possession, custody, or control.  Defendants argue that they were not required to produce *all* records from departments of the CDCR, as Plaintiff argued, but only those in their "possession, custody, or control." (Opp'n, Doc. 83 at 3 ¶II; Fed. R. Civ. P. 34(a)(1)).  Defendants Fernando and Jericoff are Correctional Officers at PVSP, (see Fernando Decl., Doc. 49-3 at ¶¶1-2; Jericoff Decl., Doc. 49-4 at ¶¶1-2.), and Plaintiff did not show that as Correctional Officers they have the authority to demand documents from CDCR's Internal Affairs Department or other departments or units, or that Defendants have the authority to compel through court order the production of these documents.

Defendants contend that they have produced responsive complaints related to their purported use of excessive physical force.  Defendants provide evidence that neither officer has been disciplined or reprimanded for using excessive force on an inmate, nor have they used excessive physical force on an inmate.  (Fernando Decl. ¶25; Jericoff Decl. ¶19.)  Defendants also provide evidence that defense counsel made a reasonable search and diligent inquiry to locate responsive documents to RFP No. 3 by contacting the Litigation Coordinator at PVSP. (Esquivel Decl. ¶2.)  Based on the information from the Litigation Coordinator, Defendants identified three inmate complaints that were responsive to RFP No. 3 for the period from May 26, 2007 to May 26, 2009, as limited by the court.  (Esquivel Decl. ¶¶2-4; <u>see</u> Order, Doc. 53 at 11:6-10.)  Defendants supplemented their response and produced all responsive documents. (Esquivel Decl. ¶¶2-4; <u>see</u> Defts' Second Supp Resp to Pltf's RFP of Doc. 3, Exh. A to Deft's Opp'n, Doc. 83.)

Defendants argue that Plaintiff's contention that there are additional complaints within the period specified by the court is incorrect.  Defendants assert that they were informed, after contacting the Litigation Coordinator at PVSP, that defendant Fernando had seven staff complaints filed against him, and defendant Jericoff had thirteen.  (Esquivel Decl. ¶¶2-3.)  Only one of the complaints against defendant Fernando -- PVSP-08-2317 -- and only two of the complaints against Jericoff -- PVSP-07-3983 and PVSP 09-0199 -- involved allegations of excessive force during the time period specified by the court, and Defendants produced these complaints and related documents to Plaintiff.  (<u>See</u> Defendants' Exh. A.)

Defendants argue that they do not have a duty to produce the complaint filed by inmate Crudup, because it fell outside the time frame of May 2007 to May 2009 specified by the court. Crudup complained about an incident occurring on July 1, 2009 and filed his complaint on July 10, 2009.  (<u>See</u> Crudup complaint, Defendants' Exh. C.)

In response to Plaintiff's assertion that Defendants failed to produce documents concerning Jericoff's use of excessive force during a cell extraction of two Hispanic inmates in October 2008, Defendants argue that Plaintiff failed to identify the inmates and failed to produce evidence disputing Jericoff's sworn declaration that he has never been disciplined or

reprimanded for using, nor has he used, excessive force during a cell extraction.  (Jericoff Decl., Doc. 75-1 ¶5.)  Defendants also provide evidence that no staff complaints were filed against Jericoff for using excessive force during a cell extraction in October 2008.  (See Defendants' Exhs. A & B.)

Defendants also argue that they produced a complaint which Plaintiff described as filed by an inmate known as "Moses," despite Plaintiff's assertion that they failed to produce it. Defendants provide evidence that they produced a copy of Appeal No. PVSP-09-0199 filed by an inmate with the first name "Moises" who alleged that defendant Jericoff grabbed him by the jacket and threw him to the ground on December 19, 2008.  (See Defts' Exh. A at 9-20.)

### D.    Plaintiff's Reply

#### *Motion Was Not Untimely*

In reply to Defendants' contention that Plaintiff filed his Rule 37(b) motion after the court's deadline, Plaintiff explains that he did not receive the court's July 17, 2013 order until July 31, 2013, due to his retention in administrative segregation and his transfer out to court, which caused the mail to be rerouted.  Plaintiff argues that his motion was not untimely, because his response time started "after the date of service," and calling the motion "untimely" or considering the fact that Plaintiff failed to request an extension of time would violate his right to due process.  (Opp'n, Doc. 87 at 3-4.)

#### *Defendants Failed to Comply With September 14, 2012 Order*

Plaintiff argues that Defendants did not comply with the court's September 14, 2012 order because they did not make a search of all of the CDCR's records specified by the court.

Second, Plaintiff argues that Defendants did not produce all documents in their possession, custody, or control.

Third, Plaintiff argues that he does not carry the burden of showing that Defendants had possession, custody, or control of the documents requested, because the court's order clearly ordered Defendants to produce them.

///

///

Plaintiff also argues that Defendants' claim that neither officer had been disciplined or reprimanded for using excessive force reflects the fact that corruption exists at PVSP, and that the existence of the "Green Wall" and "Code of Silence" causes officer discipline to be rare.

Plaintiff also argues that Defendants did not use due diligence in complying with the court's order, because they did not search beyond PVSP for the documents requested.

Plaintiff also requests that Defendants be compelled to provide him with a copy of all of the complaints they have in their possession, notwithstanding the limitations specified in the court's order.

## III.   DISCUSSION

Plaintiff's contention that his renewed Rule 37(b) motion was timely filed is without merit.  The court's order of July 17, 2013 granted Plaintiff thirty days in which to renew the Rule 37(b) motion.  (Doc. 77.)  Under federal rules, Plaintiff's thirty-day deadline expired on August 19, 2013.[4]  Plaintiff received the court's order on July 31, 2013, (Motion, Doc. 78 at 21 ¶18), but did not serve the renewed motion until August 23, 2013, and did not file the motion until September 6, 2013, eighteen days after the deadline.  (Court Record.)  Plaintiff argues that the motion was timely because his response time started "after the date of service," implying that he believes the date of service to be July 31, 2013.  (Reply, Doc. 87 at 3.)  This argument is unpersuasive, because Plaintiff has spent years litigating federal civil rights cases as a pro se litigant and has demonstrated that he is knowledgeable about court deadlines and the procedure for requesting an extension of time to comply with court orders.  In 2009 and 2010, Plaintiff filed four prisoner civil rights cases in this Court in propria persona and successfully navigated the federal court system.[5]  Plaintiff's argument that his rights to due process will be violated if

---

[4]  Pursuant to Rule 6(d) of the Federal Rules of Civil Procedure, "[w]hen a party may or just act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).)  Fed. R. Civ. P. 6(d).  The court's order granted Plaintiff thirty days from the date of service of the order, and the order was served on July 17, 2013.  Id.  Thus, Plaintiff had until 33 days after July 17, 2013, or until August 19, 2013, to file the renewed Rule 37(b) motion.

[5]  (1) Case 2:09-cv-02391-WBS-DAD, Sutherland v. Herrmann, filed in the U.S. District Court for the Eastern District of California (CAED) on 08/26/2009; (2) Case 1:09-cv-2028-OWW-SKO-PC, Sutherland v. Kelso, filed in the CAED on 11/19/2009; (3) Case 1:09-cv-02152-LJO-GSA-PC, Sutherland v. Yates, filed in the CAED on

his motion is considered untimely is entirely without merit.  Plaintiff makes no plausible argument that he was prevented from serving or filing a timely motion, or from filing a motion for extension of time.  Based on these facts, the court finds that Plaintiff's renewed motion was untimely filed, and the motion shall be denied as such.  Due to this finding, the court shall not consider the merits of Plaintiff's motion.

## IV.    CONCLUSION

1.    Based on the foregoing, Plaintiff's renewed Rule 37(b) motion, filed on September 6, 2013, is DENIED as untimely; and

2.    Discovery and all discovery-related activity, including motions to compel discovery and motions to compel compliance with discovery orders, is now CLOSED.

IT IS SO ORDERED.

Dated:   **January 6, 2014**                 **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

---

12/11/2009; and (4) Case 1:10-cv-01767-LJO-GBC-PC, <u>Sutherland v. Underwood</u>, filed in the CAED on 9/27/2010.