1

2

3                         UNITED STATES DISTRICT COURT

4                       EASTERN DISTRICT OF CALIFORNIA

5

6    WILLIAM SUTHERLAND,                   1:09-cv-02152-LJO-GSA-PC

7              Plaintiff,                  ORDER DENYING MOTION FOR
                                           RECONSIDERATION
8         vs.                              (Doc. 91.)

9    JAMES A. YATES, et al.,

10             Defendants.

11

12

13   **I.    BACKGROUND**

14        Plaintiff filed the Complaint commencing this action on December 11, 2009.  (Doc. 1.)

15   This action now proceeds on the First Amended Complaint, filed by Plaintiff on December 6,

16   2010, against defendants C/O A. Fernando and C/O M. Jericoff for use of excessive force;

17   against defendant Warden James Yates for failure to protect Plaintiff; and on Plaintiff's related

18   state claims.[1]  (Doc. 15.)

19        On January 30, 2013, Plaintiff filed a motion for reconsideration by the District Judge

20   of the Magistrate Judge's order of January 7, 2014, which denied Plaintiff's Rule 37(b) motion

21   as untimely.  (Doc. 91.)

22   **II.   MOTION FOR RECONSIDERATION BY DISTRICT JUDGE**

23        **A.    <u>Legal Standard</u>**

24        Local Rule 303 provides that "[a] party seeking reconsideration of the Magistrate

25   Judge's ruling shall file a request for reconsideration by a Judge . . . specifically designat[ing]

26   the ruling, or party thereof, objected to and the basis for that objection.  This request shall be

27   _____

28   [1] All other claims and defendants were dismissed from this action by the court on June 16, 2011.  (Doc. 20.)

captioned 'Request for Reconsideration by the District Court of Magistrate Judge's Ruling.'" Local Rule 303(c). "The standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)."  Local Rule 303(f).

**B.**    **Plaintiff's Motion for Reconsideration**

Plaintiff argues that his Rule 37(b) motion should not have been denied as untimely by the Magistrate Judge, because Plaintiff was misled by information acquired through computer research about when his thirty-day deadline for filing the Rule 37(b) motion was due to expire. Plaintiff claims he understood that thirty days "after service" meant thirty days after the date Plaintiff *received* the order being served, rather than thirty days after the date the court *served* the order.   Plaintiff also argues that he should be afforded leniency because his "situation is special" as an inmate and his mail is often delivered to him late.  (Motion, Doc. 91 at 5:19-27.)

**C.**    **Discussion**

The Court has reviewed this case, including Plaintiff's objections, and does not find  the Magistrate Judge's order issued on January 7, 2014, to be clearly erroneous or contrary to law under 28 U.S.C. § 636(b)(1)(A).   Therefore, Plaintiff's motion for reconsideration shall be denied.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on January 30, 2014, is DENIED.

IT IS SO ORDERED.

Dated:  __**January 31, 2014**__         ____/s/ Lawrence J. O'Neill__
                                         UNITED STATES DISTRICT JUDGE

2