UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SUTHERLAND,<br><br>    Plaintiff,<br><br>    vs.<br><br>JAMES A. YATES, et al.,<br><br>    Defendants. | 1:09-cv-02152-LJO-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR STAY<br>(Doc. 99.)<br><br>ORDER STAYING ALL PROCEEDINGS IN THIS ACTION UNTIL AUGUST 15, 2014 |

**I.    BACKGROUND**

William Sutherland ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 11, 2009. (Doc. 1.) This action now proceeds on the First Amended Complaint filed by Plaintiff on December 6, 2010, against defendants Correctional Officers (C/O) A. Fernando and M. Jericoff for use of excessive force in violation of the Eighth Amendment, and related state claims.[1] (Doc. 15.)

---

[1] On June 16, 2011, the Court dismissed defendant Lieutenant R. Lantz from this action based on Plaintiff's failure to state a claim against him under § 1983. (Doc. 20.) Plaintiff's claims for conspiracy, due process violations, and violations of the Penal Code were also dismissed from this action based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983. (Id.) On February 20, 2014, the Court issued an order granting in part Defendants' motion for summary judgment of August 17, 2012, granting summary judgment in favor of Defendant Yates. (Doc. 94.) The Court declined to exercise supplemental jurisdiction over Plaintiff's state law claim of negligent hiring. (Id. at 2 ¶4.)

On September 8, 2011, the Court issued a Discovery/Scheduling Order in this action, establishing a deadline May 8, 2012 for the parties to conduct discovery, and a deadline of July 17, 2012 for the filing of pretrial dispositive motions.[2] (Doc. 27.) The pretrial deadlines have now expired. On February 20, 2014, the Court denied in part Defendants' motion for summary judgment. (Doc. 94.)

On February 21, 2014, the court issued an order requiring the parties to notify the court whether a settlement conference would be beneficial. (Doc. 95.) On March 21, 2014, Defendants filed a response to the order, indicating their belief that a settlement conference may be futile, but stating they are willing to participate in a settlement conference if the court believes it would be beneficial. (Doc. 96.)

On May 7, 2014, Plaintiff filed a motion to stay the proceedings in this action for sixty days, to allow him time to seek counsel. (Doc. 99.) Defendants have not opposed the motion.

## II.     MOTION TO STAY

The court has inherent authority to manage the cases before it. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance.") Stays of proceeding in federal court . . . are committed to the discretion of the trial court. See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987).

Plaintiff requests a stay of the proceedings in this action while he seeks counsel to represent him for all trial issues, including pretrial conferences, settlement conferences, jury selection, and trial.

///

///

---

[2] On September 18, 2012, the Court granted Defendants an extension of time nunc pro tunc until August 17, 2012, to file a motion for summary judgment. (Doc. 54.)

**Discussion**

The Court does not lightly stay litigation, due to the possibility of prejudice to defendants. However, here Defendants have not opposed Plaintiff's motion for stay. At this stage of the proceedings, a sixty-day stay will delay trial in this action for months, but such a delay does not appear unreasonable considering this case has already been pending for more than four years. Plaintiff has not explained why he waited so long to seek counsel. Nonetheless, the court shall stay this action until August 15, 2014, to allow Plaintiff to seek counsel. After August 15, 2014, the court shall schedule a date for trial unless both Plaintiff and Defendants indicate they are prepared to settle the case.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for stay, filed on May 7, 2014, is GRANTED; and
2. All proceedings in this action are STAYED until August 15, 2014.

IT IS SO ORDERED.

Dated:   **June 9, 2014**                **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE