UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| WILLIAM SUTHERLAND, | 1:09-cv-02152-LJO-GSA-PC |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF INMATE WITNESSES AT TRIAL (Doc. 110.) |
| vs. | |
| CORRECTIONAL OFFICERS A. FERNANDO AND J. JERICOFF, | |
| Defendants. | |

## I.   BACKGROUND

William Sutherland ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  This action now proceeds on the First Amended Complaint filed by Plaintiff on December 6, 2010, against defendants Correctional Officers (C/O) A. Fernando and M. Jericoff for use of excessive force in violation of the Eighth Amendment, and related state claims.[1]  (Doc. 15.)  This case is scheduled for a telephonic pretrial conference on November 21, 2014, and jury trial on January 6, 2015.

---

[1] On June 16, 2011, the Court dismissed defendant Lieutenant R. Lantz from this action based on Plaintiff's failure to state a claim against him under § 1983. (Doc. 20.)  Plaintiff's claims for conspiracy, due process violations, and violations of the Penal Code were also dismissed from this action based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983.  (Id.)  On February 20, 2014, the Court issued an order granting in part Defendants' motion for summary judgment of August 17, 2012, granting summary judgment in favor of Defendant Yates.  (Doc. 94.)  The Court declined to exercise supplemental jurisdiction over Plaintiff's state law claim of negligent hiring.  (Id. at 2 ¶4.)

On September 30, 2014, Plaintiff filed a motion for the attendance of inmate witnesses at trial. (Doc. 110.)

## II. MOTION FOR ATTENDANCE OF INMATE WITNESSES

In the court's Second Scheduling Order of August 26, 2014, Plaintiff was advised that before the court will issue an order to transport an incarcerated witness to trial, Plaintiff must file a motion stating the name, address, and prison identification number of such witness, and submit a declaration showing that the witness is willing to testify and has actual knowledge of relevant facts. (Doc. 101 at 3-4.)

Plaintiff requests the attendance at trial of several inmates. However, Plaintiff has not complied with the requirements of the Second Scheduling Order. Plaintiff has not sufficiently identified his prospective inmate witnesses by providing their first and last names. In addition, Plaintiff has not submitted declarations demonstrating that the witnesses are willing to testify or have actual knowledge of relevant facts. The court will not consider issuing orders to transport Plaintiff's inmate witnesses to trial without a motion which complies with the requirements of the Second Scheduling Order. Therefore, Plaintiff's motion for the attendance of inmate witnesses is denied.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for attendance of inmate witnesses at trial is DENIED.

IT IS SO ORDERED.

Dated: **October 23, 2014**             /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE