UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SUTHERLAND, | 1:09-cv-02152-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO FACILITATE VIEWING OF VIDEO EVIDENCE (Doc. 104.) |
| vs. | |
| CORRECTIONAL OFFICERS A. FERNANDO AND J. JERICOFF, | |
| Defendants. | |

## I.     RELEVANT PROCEDURAL HISTORY

William Sutherland ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on December 11, 2009.  (Doc. 1.)  This action now proceeds on the First Amended Complaint filed by Plaintiff on December 6, 2010, against defendants Correctional Officers (C/O) A. Fernando and M. Jericoff for use of excessive force in violation of the Eighth Amendment, and related state claims.  (Doc. 15.)  This case is scheduled for jury trial before District Judge Lawrence J. O'Neill on January 6, 2015.

On September 24, 2014, Plaintiff filed a motion to compel Defendants to facilitate Plaintiff's viewing of video evidence granted during discovery.  (Doc. 104.)  On October 15, 2014, Defendants filed a response to the motion.  (Doc. 112.)  Plaintiff has not filed a reply.

## II.     PLAINTIFF'S MOTION

Plaintiff requests the court to compel Defendants to facilitate his viewing of video evidence granted during discovery.  Plaintiff asserts that during the discovery phase of this action, he requested video evidence from Defendants, and Defendants sent a copy of the video to Plaintiff's cousin and informed Plaintiff that he could view the video through the prison's Litigation Coordinator.  Plaintiff asserts that he viewed the video on one occasion, but now the Litigation Coordinator refuses to allow him to view the video again.  Plaintiff asserts that he has made several requests to the Litigation Coordinator, but all of the requests were denied.  Plaintiff argues that he needs to view the video again to prepare for trial, to confirm events, count witnesses, and review the assault which is the basis of this case.

Defendants respond that Plaintiff's motion is moot because he saw the video on October 9, 2014.  Defense counsel ("Counsel") asserts that during discovery, she agreed to make the video available to Plaintiff and made arrangements for Plaintiff to view the video before his deposition was taken on May 4, 2012.  Counsel asserts that she was present when Plaintiff declined to view the video before his deposition. Subsequently, Counsel provided a copy of the video to Plaintiff's relative, Robert Sutherland in Snohomish, Washington, based on Plaintiff's representation that his relative was going to have the video "enhanced," and that Counsel would receive a copy of the "enhanced" video.  (Response, Doc. 112 at 2:3.)  Counsel asserts that she has not received a copy of the purported "enhanced" video.  Counsel asserts that during discovery, she also informed Plaintiff that he should contact her if he wished to view the video, and she would make arrangements through the Litigation Coordinator.  Plaintiff never contacted Counsel until mid-September when she received a letter from him, asking that she intervene and instruct the Litigation Coordinator to allow him to view the video.  The following week, Counsel received the instant motion.  Upon receiving Plaintiff's letter, Counsel made arrangements with the Litigation Coordinator, and Plaintiff viewed the video on October 9, 2014. (Exhibit A to Response, Doc. 112 at 4.)

In light of the fact that Plaintiff has not filed a reply to Defendants' response to his motion to compel, it appears to the court that this motion is moot, and it shall be denied as such.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel, filed on September 29, 2014, is DENIED AS MOOT.

IT IS SO ORDERED.

Dated:   **November 4, 2014**                              **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE