UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SUTHERLAND,<br><br>        Plaintiff,<br><br>    vs.<br><br>CORRECTIONAL OFFICERS A. FERNANDO AND M. JERICOFF,<br><br>        Defendants. | 1:09-cv-02152-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR THE APPOINTMENT OF EXPERT WITNESSES FOR TRIAL |

## I.  BACKGROUND

William Sutherland ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  This action now proceeds on the First Amended Complaint filed by Plaintiff on December 6, 2010, against defendants Correctional Officers A. Fernando and M. Jericoff ("Defendants") for use of excessive force in violation of the Eighth Amendment, and related state claims.  (Doc. 15.)  This case is scheduled for a telephonic trial confirmation hearing on November 19, 2014, and jury trial on January 6, 2015.

On September 30, 2014, Plaintiff filed a pretrial statement, in which he requests the appointment of impartial expert witnesses for trial.  (Doc. 111 at 34.)

## II.  APPOINTMENT OF EXPERT WITNESS

### Legal Standards

The court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence.  In relevant part, Rule 706 states that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed . . . ."  Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999).  Pursuant to Rule 702, "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . ." Fed. R. Evid. 702.  While the court has the discretion to appoint an expert and to apportion costs, including the appointment of costs to one side, Fed. R. Evid. 706; Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002); Walker, 180 F.3d at 1071, where the cost would likely be apportioned to the government, the court should exercise caution.  Moreover, Rule 706 is not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses, Manriquez v. Huchins, 2012 WL 5880431, *12 (E.D.Cal. 2012), nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff, Faletogo v. Moya, 2013 WL 524037, *2 (S.D.Cal. 2013).

### Discussion

Plaintiff requests appointment by the court of "Impartial Expert Witnesses . . . concerning the Code of Silence and Green Wall investigations into Pleasant Valley State Prison and the tactics used by Officers to discourage inmates from filing complaints, tactics used by Correctional Officers concerning the taking down of an inmate, the proper procedures, the Procedures concerning what to do when confronted by an inmate that is not feeling well during a Hot day that identifies himself as a Heat Alert Inmate."  (Doc. 111 at 34:15-21.)   While the court is cognizant of the challenges an IFP litigant such as Plaintiff faces in retaining an expert witness, the IFP statute does not grant the court the authority to appoint

expert witnesses on behalf of a party.  28 U.S.C. § 1915; See also Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995).

The only claims remaining in this case are Plaintiff's claims against Defendants for excessive force against Plaintiff in violation of the Eighth Amendment, and related state claims.[1]  Any Code of Silence or Green Wall investigations, or tactics used by officers to discourage inmates from filing complaints, are not at issue.  While it may be useful to Plaintiff to establish the procedures used by officers to "take down" an inmate or assist an overheated Heat Alert Inmate, the court considers whether an expert witness would assist the court in understanding the evidence or to determining a fact in issue.  Fed. R. Evid. 702.  Here, Plaintiff's allegations are no more complex than those found in a majority of excessive force cases pending before this court.  The court does not require an expert witness to determine whether Defendants used excessive force.  Therefore, Plaintiff's request for the appointment of expert witnesses shall be denied.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of expert witnesses is DENIED.

IT IS SO ORDERED.

   Dated:   **November 4, 2014**              **/s/ Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE

---

[1] Defendants indicate in their Pretrial Statement that they do not intend to use expert witnesses at trial. (Doc. 116 at 10:9-10.)