UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SUTHERLAND,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CORRECTIONAL OFFICERS A. FERNANDO AND J. JERICOFF,<br><br>　　　　Defendants. | 1:09-cv-02152-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR CHANGE OF VENUE<br>(Doc. 121.) |

## I.   BACKGROUND

William Sutherland ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 11, 2009. (Doc. 1.) This action now proceeds on the First Amended Complaint filed by Plaintiff on December 6, 2010, against defendants Correctional Officers (C/O) A. Fernando and M. Jericoff for use of excessive force in violation of the Eighth Amendment, and related state claims. (Doc. 15.) This case is scheduled for a telephonic trial confirmation hearing on November 19, 2014, and jury trial on January 6, 2015, before District Judge Lawrence J. O'Neill.

On November 10, 2014, Plaintiff filed a motion for change of venue, which is now before the court. (Doc. 121.)

## II. PLAINTIFF'S MOTION

Plaintiff brings a motion for change of venue from the Eastern District of California to another district, because of District Judge Lawrence J. O'Neill's busy schedule. Plaintiff refers to the court's notice issued on September 29, 2014, which notified the parties in this case that Judge O'Neill is unable to commit to trials due to his burdensome caseload approaching 2,000 cases, and if Plaintiff continues to decline jurisdiction of a Magistrate Judge, his case could be subject to suspension mid-trial, a trial that may proceed with little advance notice, or random reassignment to another district judge from outside the Eastern District of California. Plaintiff does not wish to consent to Magistrate Judge jurisdiction, and he expresses concern that the court is attempting to intimidate him into consenting. Plaintiff also expresses concern "that his due process rights are being threatened when he is told that he could be called in with 'little advance notice.'" (Motion, Doc. 121 at 6:14-16.) Plaintiff also argues that the court's notice causes him to believe that Judge O'Neill considers his case to be "too minor of an issue for the Eastern District of California to take as serious (*sic*) as a Tribal Casino dispute, non-American citizens as they are a 'sovereign nation.'" (Motion, Doc. 121 at 5:16-19.) Plaintiff argues that it would be in the interest of all parties concerned to have this case assigned to another, less busy, district court. Plaintiff requests that venue for this case be changed to the Northern District of California "which does have a far lower case load and for which the Plaintiff does feel has a higher respect for Civil Rights cases and for the Constitution." (Motion, Doc. 121 at 8:5-7.)

Plaintiff also argues that this court has held Plaintiff to an unreasonable standard and made erroneous rulings throughout this case, due to bias against inmates acting in pro se. Plaintiff discusses many of the rulings in this case, which he finds erroneous or biased against pro se inmate litigants. Because Plaintiff is requesting this case to be reassigned to another District Judge, the court construes this argument as a request to disqualify Judge O'Neill from proceeding with this case, due to his bias against pro se inmate litigants, including Plaintiff.

///

///

### A.      Change of Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).  "Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." 28 U.S.C. §1404(b).  "A district court may order any civil action to be tried at any place within the division in which it is pending." 28 U.S.C. §1404(c).

### Discussion

Plaintiff's claims in the First Amended Complaint, brought pursuant to 42 U.S.C. § 1983, stem from events that occurred at Pleasant Valley State Prison (PVSP) in Coalinga, California, which is located within the boundaries of the Eastern District of California. Plaintiff is presently incarcerated at PVSP, and defendants Fernando and Jericoff were employed at PVSP at the time of the events at issue.  Because all of the defendants reside in the Eastern District, and all of the events giving rise to Plaintiff's claim occurred in the Eastern District, venue for this action is proper only in the Eastern District, and the action could not have been brought in any other district.  Therefore, the Court may not change the venue for this action to another district.  For these reasons, Plaintiff's motion for change of venue shall be denied.

### B.      Disqualification of a Judge

Under 28 U.S.C. § 144, "[W]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has

a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144; see Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008); U.S. v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010). Section 144 also provides that "[t]he affidavit shall state the facts and the reasons for the belief that bias and prejudice exists, . . [and a] party may only file one such affidavit in any case." United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. Id. (citing *inter alia* United States v. Azhocar, 581 F.2d 735, 738-40 (9th Cir. 1978), cert. denied 440 U.S. 907 (1979). "[I]f the motion and affidavit required by section 144 is not presented to the judge, no relief under section 144 is available." Id.

Under 28 U.S.C. § 455(a), "[a]ny ... judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Pesnell, 543 F.3d at 1043. 28 U.S.C. § 455(b) provides in relevant part, "[h]e shall also disqualify himself in the following circumstances: [w]here he has a personal bias or prejudice concerning a party ..." 28 U.S.C. §455(b)(1). A motion under § 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned." Bernard v. Coyne, 31 F.3d 842, 843(9th Cir. 1994). "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." Id. (quoting United States v. Balistrieri, 779 F.2d 1191, 1202 (7th Cir. 1985)). "[S]ection 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on the case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." Sibla, 624 F.2d at 868 (citing see, e.g., Nicodemus v. Chrysler Corp., 596 F.2d 152, 157 & n.10 (6th Cir. 1979)). On the other hand, "in the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008).

The substantive standard is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Pesnell, 543 F.3d at 1043 (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997)).

However, the bias must arise from an extra-judicial source and cannot be based solely on information gained in the course of the proceedings. Id. (citing Liteky v. United States, 510 U.S. 540, 554-56 (1994). "'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (quoting Liteky, 510 U.S. at 555). "'In and of themselves .., they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved.'" Id.

### Discussion

Plaintiff has not submitted an affidavit as required by §144, and therefore no relief under §144 is available to Plaintiff.

With respect to §455, Plaintiff's arguments are not sufficient to show personal bias or prejudice by Judge O'Neill. Plaintiff's allegation that some of the court's rulings are based on bias against pro se inmate litigants is "devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source." Sibla, 624 F.2d at 868. Plaintiff's argument that Judge O'Neill holds pro se inmate litigants to an unreasonable standard is unpersuasive. Plaintiff has not shown any evidence that Judge O'Neill acted against him because of extrajudicial prejudice or bias.

Section 455 requires that a judge be *subjectively confident* of his ability to be evenhanded. Bernard, 41 F.3d at 844 (emphasis added). After careful examination of the circumstances of this case, the undersigned does not feel any bias for or against any of the parties to this case. Thus, there are no grounds for recusal on the basis of actual bias.

Section 455 also requires that a judge be confident "that an informed, rational, objective observer would not doubt his impartiality." Id. After careful consideration of all the circumstances of this case, the undersigned finds no reason that his impartiality in this case might reasonably be questioned by an informed, rational, objective observer. Plaintiff's conclusory allegations would not lead a reasonable person to conclude that the Judge's impartiality in this case might reasonably be questioned. Accordingly, there is no appearance of bias warranting recusal of the Judge in this case.

For the foregoing reasons, Plaintiff's motion to disqualify District Judge Lawrence J. O'Neill from proceeding with this action shall be denied.

### C. Consent to Jurisdiction of a Magistrate Judge

A federal litigant has a personal right, subject to exceptions inapplicable to the present case, to demand Article III adjudication of a civil suit. U.S. Const. art. III, §1; Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc., 725 F.2d 537, 541 (9th Cir. 1984) (citing Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858 (1982) (plurality opinion)). "Authorities support the premise that Article III adjudication is, in part, a personal right of the litigant." Pacemaker, 725 F.2d at 541 (citing Glidden Co. v. Zdanok, 370 U.S. 530, 536, 82 S.Ct. 1459, 1465 (1962)). "The waiver of personal rights must, of course, be freely and voluntarily undertaken." Pacemaker at 543. However, the personal right to proceed before a District Judge may be waived. See Id. at 542. Under 28 U.S.C. 636(c), upon the consent of the parties, a United States Magistrate Judge may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case. 28 U.S.C. § 636(c)(1).

Plaintiff expresses concern that the court is attempting to intimidate him into consenting to the jurisdiction of a Magistrate Judge. Plaintiff asserts that he feels threatened by the court's notice issued on September 29, 2014, in which the court informs him that if he continues to decline the jurisdiction of a Magistrate Judge, his case could suffer case management difficulties, including change of schedule, with little notice, of Plaintiff's upcoming trial, and may be reassigned, without notice, to another District Judge outside the Eastern District of California.

### Discussion

It is undisputed that Plaintiff has a personal right to adjudication by a District Judge in this action. Plaintiff's choice to decline or consent to Magistrate Judge jurisdiction should be freely and voluntarily taken. However, Plaintiff should be able to consider all aspects of his choice. The court's notice of September 29, 2014 is a standard notice issued in civil cases assigned to Judge O'Neill for trial, meant to inform the parties of case management issues

which may arise due to Judge O'Neill's burdensome caseload.  The notice informs the parties of the availability of consent to Magistrate Judge jurisdiction and of the fact that certain case management difficulties may be avoided if the parties consent.  The court's notice recognizes the realities faced by an overburdened court and encourages consent as an option to enable the parties to avoid scheduling problems.

Plaintiff's argument that the court acted improperly in issuing its notice regarding consent is unpersuasive.  He has not established that the court acted for any purpose except to convey information and encourage consent as an option to benefit the parties.  See Collins v. Foreman, 729 F.2d 108 (2nd Cir. 1984), *certiorari denied* 469 U.S. 870, 105 S.Ct. 218 (A letter and two phone calls from the magistrate judge was not sufficient to render the parties' consent involuntary).

**III.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for change of venue, filed on November 10, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **November 13, 2014**             /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE