UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SUTHERLAND,<br><br>             Plaintiff,<br><br>       vs.<br><br>CORRECTIONAL OFFICERS A. FERNANDO AND J. JERICOFF,<br><br>             Defendants. | 1:09-cv-02152-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR ATTENDANCE OF INMATE WITNESSES AT TRIAL<br>(Doc. 123.) |

## I. BACKGROUND

William Sutherland ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  This action now proceeds on the First Amended Complaint filed by Plaintiff on December 6, 2010, against defendants Correctional Officers (C/O) A. Fernando and M. Jericoff for use of excessive force in violation of the Eighth Amendment, and related state claims.[1]  (Doc. 15.)  This case is scheduled for jury trial on January 6, 2015.

---

[1] On June 16, 2011, the Court dismissed defendant Lieutenant R. Lantz from this action based on Plaintiff's failure to state a claim against him under § 1983. (Doc. 20.) Plaintiff's claims for conspiracy, due process violations, and violations of the Penal Code were also dismissed from this action based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983. (Id.) On February 20, 2014, the Court issued an order granting in part Defendants' motion for summary judgment of August 17, 2012, granting summary judgment in favor of Defendant Yates. (Doc. 94.) The Court declined to exercise supplemental jurisdiction over Plaintiff's state law claim of negligent hiring. (Id. at 2 ¶4.)

On November 17, 2014, Plaintiff filed a renewed motion[2] for the attendance of inmate witnesses at trial. (Doc. 123.)

## II. MOTION FOR ATTENDANCE OF INMATE WITNESSES

In the court's Second Scheduling Order of August 26, 2014, Plaintiff was advised that before the court will issue an order to transport an incarcerated witness to trial, Plaintiff must file a motion stating the name, address, and prison identification number of such witness, and submit a declaration showing that the witness is willing to testify and has actual knowledge of relevant facts. (Doc. 101 at 3-4.) The deadline for filing the motion was September 30, 2014. (Id. at 6 ¶8.)

Plaintiff requests the attendance at trial of several inmates. However, Plaintiff's motion is untimely, and he has not submitted declarations demonstrating that the witnesses are willing to testify. In fact, Plaintiff states that "none of his inmate witnesses are willing to appear and testify voluntarily." (Motion, Doc. 123 at 7:26-27.) The court will not consider issuing orders to transport Plaintiff's inmate witnesses to trial without a motion which complies with the requirements of the Second Scheduling Order. Therefore, Plaintiff's motion for the attendance of inmate witnesses shall be denied.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's renewed motion for attendance of inmate witnesses at trial is DENIED.

IT IS SO ORDERED.

Dated:   **November 21, 2014**            /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff titles the renewed motion "amended motion." (Doc. 123.)

2