UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SUTHERLAND,<br><br>  Plaintiff,<br><br>  v.<br><br>CORRECTIONAL OFFICERS A. FERNANDO AND J. JERICOFF, et al.,<br><br>  Defendants. | Case No.: 1:09-cv-02152-SAB (PC)<br><br>ORDER REGARDING MOTIONS IN LIMINE<br><br>[ECF Nos. 129, 134] |

Plaintiff William Sutherland is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), both parties consented to the jurisdiction of the United States Magistrate Judge. Local Rule 302; ECF Nos. 133, 144. This matter is set for jury trial on January 6, 2015, at 8:30 p.m. before the undersigned in Courtroom Nine.

On December 4, 2014, Plaintiff filed motions in limine. (ECF No. 134.) Defendants filed an opposition on December 9, 2014.

On December 2, 2014, Defendants filed motions in limine. (ECF No. 129) Plaintiff filed an opposition on December 12, 2014.

On December 22, 2014, the Court held a motion in limine hearing. At the hearing, Plaintiff and counsel Diana Esquivel appeared telephonically. The Court makes the following rulings with regard to the pending motions in limine.

## II.

## LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

## III.

## MOTIONS IN LIMINE

**A.     Plaintiff's Motions in Limine**

1.     Admission of "Bloody Shirt"

Plaintiff seeks to introduce the shirt he was purportedly wearing on May 26, 2009, which he contends has blood stains that show he had significant injuries as a result of Defendants' conduct. Plaintiff does not oppose the defense from performing any test to authenticate the shirt. Plaintiff also indicates that inmate witness, Andrew Hodgins, will testify and identify the shirt as the one removed on May 26, 2009.

Defendants cannot adequately object to the shirt because they have not had an opportunity to inspect it. Furthermore, even if Plaintiff can lay an adequate foundation, Defendants may still object to its admissibility under Rule 403 if the shirt is extremely "bloody," emits a gross odor, or is in a state of decay that the alleged blood stains cannot be distinguished from any mold or decomposition the shirt has developed in the past five years. Defendants request the Court defer ruling on this motion until defense counsel has an opportunity to inspect the shirt (hopefully by no later than the morning of trial) and allow Defendants to raise further objections after the inspection.

**Ruling:** Plaintiff's motion to admit the "bloody shirt" is GRANTED, subject to the proper foundation at trial and allowance of the review of the evidence by the Defendants prior to the start of trial.

  2.  <u>Testimony by Plaintiff as to Weather Patterns and Temperatures in the Coalinga Area</u>

Plaintiff seeks to testify regarding the weather in Coalinga, where Pleasant Valley State Prison is located, on May 26, 2009, and how the weather in Coalinga is two to three degrees higher than the City of Lemoore based on a Lemoore weather report he obtained from a third part (which is not included with his motion). Plaintiff contends such evidence is necessary to his claim that due to the hot weather on May 26, 2009, he was not feeling well, and because of Defendants failure to act on Plaintiff's illness due to the heat the chain of events occurred.

Defendants are willing to stipulate that at 11:56 a.m. on May 26, 2009, the recorded temperature for Lemoore was 86 degrees Fahrenheit (see Esquivel Decl. Ex. A) and the highest temperature in Lemoore is two to three degrees lower than Coalinga. Despite Plaintiff's failure to present evidence to support this proposition, Plaintiff is not a meteorologist and lacks the expertise to testify about the differences, if any, in temperature between Lemoore and Coalinga, which are only about 38 miles apart.

Defendants further object to Plaintiff testifying or eliciting testimony about the temperature on the yard at approximately 11:45 a.m. on May 26, 2009, because it is not relevant to any issue in this case. Fed. R. Evid. 401, 402. The jury must decide whether Defendants used reasonable force for a legitimate purpose. The temperature on the yard has no bearing on this issue. Further, it is undisputed that the heat alarm was not activated when the incident occurred.[1]

**Ruling:** Plaintiff's motion in limine is DENIED. Plaintiff is free to testify about as to personal circumstances relating to the weather on the particular day in question, and may accept Defendants' proposed stipulation as to the weather conditions on the day in question.

///

---

[1] The "heat alarm" is a notification system that informs staff and inmates on certain psychotropic medications—medications that affect the body's ability to regulate its temperature, known as "hot meds"—that the yard temperature has consistently reached 90 degrees for a specified time. When the heat alarm is activated, staff must ensure that inmates on hot meds return to their cells or other air-conditioned building.

3.    Evidence of a Route Slip

Plaintiff seeks to introduce a Route Slip, dated August 19, 2010, which he contends shows that the Office of Internal Affairs investigated Defendants as a result of the incident that occurred on May 26, 2009. Plaintiff did not attach the document to his motion.

Defendants assume it is the same document Plaintiff submitted with his opposition to Defendants' motion for summary judgment. (See ECF No. 61, Pl.'s Opp'n Ex. F. at 60-61; see also Esquivel Dec. Ex. C.) Defendants object to the admissibility of this document because it lacks foundation and authentication and contains hearsay.

Defendants submit that nothing on the face of the document indicates that this document is related to any Defendant or the incident at issue in this case. Neither Fernando's nor Jericoff's name appears on the document. Although Plaintiff contends that he received it "when other documents were requested during an Inmate/Parolee Appeal 602 was being exhausted," there is no appeal number on the Route Slip. Plaintiff's appeal concerning the May 26, 2009 event was PVSP-09-1223, and the Director's Level response was issued on March 16, 2010, indicating that the appeal was exhausted. (Esquivel Decl. Ex. D.) Plaintiff provides no explanation why a routing slip would be issued six months after his appeal was exhausted or how he could have received the August 2010 slip while he was exhausting his appeal.

**Ruling:** Plaintiff withdrew this request at oral argument and his motion is therefore DENIED as MOOT.

4.    Staff-Complaint Tracking Logs and Evidence of Other Use-of-Force Incidents

Plaintiff seeks to introduce evidence and elicit testimony about other inmate staff complaints, including the tracking system logs, filed against Defendants alleging excessive force. Plaintiff contends the evidence is admissible to show lack of mistake or accident and as evidence of Defendants' habit.

Defendants oppose Plaintiff's motion on the ground such evidence is not admissible under Rule 404 of the Federal Rules of Civil Procedure.

In general, evidence of prior bad acts is inadmissible to establish a Defendant's propensity to commit the wrongful act in question under Federal Rule of Evidence 404. See United States v.

4

Mendoza-Prado, 314 F.3d 1099, 1103 (9th Cir. 2002).  Further, Defendants have never asserted, nor do they intend to assert a defense, that their use of force was a mistake or an accident.  They have maintained throughout the litigation, and will testify at trial, that they used reasonable and necessary force to overcome Plaintiff's resistance and maintain and gain control of him during the escort to the Program Office.  Because there is no claim or defense of accident or mistake, Plaintiff cannot avail himself of Rule 404(b)(2).  See, e.g., United States v. Rendon-Duarte, 490 F.3d 1142, 1144-1145 (9th Cir. 2007).

Moreover, Plaintiff has failed to meet his burden of establishing that this evidence qualifies as Defendants' habit.  Rule 406 prescribes: "Evidence of a person's habit … may be admitted to prove that on a particular occasion the person … acted in accordance with the habit …."  In deciding whether certain conduct constitutes habit, courts consider three factors: (1) the degree to which the conduct is reflexive or semi-automatic as opposed to volitional; (2) the specificity of particularity of the conduct; and (3) the regularity of numerosity of the examples of the conduct." United States v. Angwin, 271 F.3d 786, 799 (9th Cir. 2001), overruled on other grounds by United States v. Lopez, 484 F.3d 1186 (9th Cir. 2007).

Plaintiff has failed to meet his burden to show that the filing of 20 staff complaints against Defendants (13 against Jericoff and 7 against Fernando) over the course of a two-year period shows their "habit."  Plaintiff failed to present evidence to demonstrate: the total number of escorts Defendants conducted from May 2007 to May 2009 (the period covered in the disputed logs); how many of the 20 staff complaints involved the alleged use of excessive or unreasonable force during the escort; whether the inmate was handcuffed; if a Defendant was the only involved staff member; and whether the alleged use of physical force was unprovoked or in response to the complaining inmate's conduct.  Without such evidence, Plaintiff failed to show the consistency of action required under Rule 406.

**Ruling:**  Plaintiff's motion is DENIED, as such evidence is improper character evidence under Rule 404, and Plaintiff has failed to meet his burden of establish such evidence qualifies as Defendants' habit under Rule 406.

///

5. <u>Evidence of 2013 Investigation and Placement in Administrative Segregation for Conspiring to Assault Defendant Jericoff</u>

Plaintiff seeks to introduce into evidence the 2013 confidential information disclosure and administrative segregation unit placement notice forms, arising from an investigation into his involvement in a conspiracy to assault staff. (Esquivel Decl. Ex. E.)

Defendant argues these documents are irrelevant and unfairly prejudicial. Plaintiff has not submitted any evidence to show that the investigation was initiated at Defendants' request or that it was improper or conducted for an improper purpose. Further, the 2013 investigation has no bearing on the issues the jury must decide—whether Defendants used reasonable force for a legitimate purpose or maliciously and sadistically for the purpose of harming Plaintiff. Evidence of the 2013 investigation is nothing more than Plaintiff's attempt to introduce evidence of subsequent alleged "bad" acts that are prohibited under Rule 404(a).

**Ruling:** Plaintiff's motion in limine to present the 2013 confidential information disclosure and administrative segregation unit placement notice forms is DENIED, as it is not relevant and is prejudicial under Rule 403 and constitutes improper character evidence under Rule 404(b).

**B.    Defendants' Motions in Limine**

1. <u>Evidence that Jericoff is a Party in Other Lawsuits or Involved in Other Incidents</u>

Defendants seek to preclude Plaintiff from introducing evidence or eliciting testimony about other allegations of excessive force or misconduct made against Defendant Jericoff, his litigation history, including other civil rights lawsuits, and other prison grievances that have been filed against him for alleged excessive physical force or other misconduct.

Evidence of prior bad acts is not admissible to prove liability, nor is it relevant to any issue to be tried to the jury in this case. Fed. R. Evid. 404(b).

Jericoff's past litigation and inmate-complaint history and the conduct of third parties is irrelevant to the instant case. Fed. R. Evid. 401, 402. Any probative value this evidence may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and waste of time. Fed. R. Evid. 403.

Using evidence of prior lawsuits or other incidents will also unnecessarily confuse the issues for the jury and waste time. The limited issue in this case is whether Defendants used excessive or unreasonable force while escorting Plaintiff to the Program Office on May 26, 2009.

Plaintiff contends such evidence demonstrates that the incident at issue was not a mistake or accident. Plaintiff also argues this evidence may be used to impeach the credibility of Defendant under Rule 404(b).

**Ruling:** Defendants' request to exclude such evidence is GRANTED as it is improper character evidence under Rule 404(b) and does not constitute permissible habit evidence under Rule 406.

2.    Evidence of "Green Wall," "Code of Silence," and Conspiracy Theories

Defendants seek to exclude testimony, introduction of evidence of, or elicitation of testimony concerning the "Green Wall," "Code of Silence," conspiracy, harassment, and cover-up theories by prison officials, and Special Masters appointed in other prisoner cases to address this alleged misconduct. Such evidence is irrelevant and has no tendency to prove any fact to be decided by the jury. Further, this evidence is misleading and will confuse the jury and waste time.

Plaintiff contends the fact of witness intimidation is supported by witnesses, testimony, declarations and evidence. In addition, the facts of obstruction of justice are supported by declarations, witnesses, and Plaintiff's prison history versus that of Defendants' history.

**Ruling:** Defendants' request is GRANTED as Plaintiff withdrew his request to admit such evidence.

3.    Preclusion of Plaintiff from Offering Opinions About the Cause, Diagnosis, or Prognosis of any Medical Or Mental Health Condition he Attributes of Defendants' Conduct

Defendants seek to preclude Plaintiff from offering opinions about the cause, diagnosis, or prognosis of any medical or mental health condition he attributes to Defendants' conduct. Defendants anticipate that Plaintiff will seek to testify, and introduce medical records to show, that his pre-existing back and shoulder conditions were exacerbated or that he developed new medical or mental-health conditions as a result of Defendants' conduct on May 26, 2009. Plaintiff lacks medical expertise to

7

offer opinions or inferences regarding the nature and cause of his alleged medical or mental-health conditions, including whether any prior condition was exacerbated by the events of May 26, 2009. Fed. R. Evid. 701.  Plaintiff also lacks expertise to interpret medical records and imaging studies.

Although Plaintiff may testify as to what he experienced and felt as a result of his interaction with Defendants, what he did in response to the physical symptoms he developed, and what he communicated to his doctors or other medical providers.  Plaintiff, however, cannot testify regarding a diagnosis, prognosis, opinions, inferences, or causation of his alleged injuries or preexisting conditions because he has no medical expertise, training, or education.  See Fed. R. Evid. 701, 702.

**Ruling:**  Because the parties reached a stipulation regarding the admissibility of this evidence, Defendants' motion to limine is withdrawn pursuant to such stipulation.

4. <u>Conduct of Third Parties or any Claim Arising After May 26, 2009</u>

Defendants seek to exclude any mention or testify regarding Defendants' attorney's alleged misconduct during pre-litigation activity, such as her purported refusal to produce staff complaints filed against Defendants, failure to comply with discovery orders, or alteration of physical evidence. Defendants and their counsel deny any wrongdoing during the course of defending this lawsuit, and counsel's conduct during pre-trial litigation is not relevant to any issue to be decided by the jury.

**Ruling:**  Because the parties reached a stipulation regarding the admissibility of this evidence, Defendants' motion to limine is withdrawn pursuant to such stipulation.

5. <u>Evidence or Testimony of Offers to Compromise</u>

Defendants move to exclude Plaintiff from offering or eliciting testimony or mentioning in front of the jury any offers to compromise or statements made during settlement negotiations.

**Ruling:** Because the parties reached a stipulation regarding the admissibility of this evidence, Defendants' motion to limine is withdrawn pursuant to such stipulation.

///
///
///
///
///

6. <u>Evidence That State May Pay Judgment or Reimburse Defendants if Judgment Rendered Against Them</u>

Defense counsel seeks to exclude Plaintiff from presenting or eliciting testimony that Defendants will be indemnified by the State if judgment is rendered against them under Rule 411 of the Federal Rules of Evidence.

**Ruling:** Because the parties reached a stipulation regarding the admissibility of this evidence, Defendants' motion to limine is withdrawn pursuant to such stipulation.

7. <u>Evidence of Plaintiff's and any Inmate-Witness' Felony Conviction is Admissible for Impeachment Purposes</u>

Defendants seek to impeach Plaintiff and any inmate-witness who testifies with admission of their prior conviction as it relates to their credibility. Defendants do no seek to introduce evidence or facts of any inmate's specific crimes. Rather, Defendants intend to elicit testimony about the date and length of Plaintiff's and any inmate witness' incarceration. Defendants argue that Plaintiff and his inmate witnesses have no incentive to tell the truth, and they will suffer little or no consequence if they perjure themselves at trial since they are already in prison. On the other hand, Defendants will suffer severe civil and criminal penalties if they commit perjury. The jury is entitled to hear this evidence to determine Plaintiff's and his witnesses' trustworthiness and veracity. Thus, the probative value of Plaintiff's and any inmate witness' sentence substantially outweighs any prejudice that may result from disclosing this information to the jury.

**Ruling:** Because the parties reached a stipulation regarding the admissibility of this evidence, Defendants' motion to limine is withdrawn pursuant to such stipulation.

IT IS SO ORDERED.

Dated:   **December 23, 2014**

UNITED STATES MAGISTRATE JUDGE